## PATTERSON *et als.* v. GRACE.

1. The County Court may revise on appeal, the judgment of a justice of the peace, rendered against a constable and his sureties, upon a notice alleging that the former had failed to execute a writ of *capias ad satisfaciendum,* theretofore placed in his hands, at the suit, &c.

2. Though the statutes in respect to the subject, do not authorise the rendition of a judgment against a constable and his sureties, on notice and motion for failing to "execute" a *ca sa,* yet as cases taken from a justice of the peace, to the County and Circuit Courts, are to be tried *de novo,* it is allowable to a plantiff to employ in the statement, he may file on appeal, the grounds of his motion.

3. A judgment against a constable and his sureties, for a failure to return final process, must be limited to the amount for which the same issued, with interest thereon from the date of the judgment to the time of making the motion, together with the costs of the motion.

4. Where, on an appeal from a justice of the peace, the amount in controversy exceeds *twenty dollars,* the case must be tried by a jury; unless the mode of trial is waived by the form of pleading, or otherwise.

THIS was a proceeding commenced by the defendant in error, before a justice of the peace of Wilcox, against Patterson, as constable, and Rosser and Forniss as his sureties, upon an allegation that Patterson had failed to execute a *capias ad satisfaciendum* theretofore placed in his hands, at the suit of the defendant in error, against James Hanks.

Upon the return of the summons, the justice of the peace rendered a judgment against the constable and his sureties, for nineteen and sixteen one-hundredth dollars, besides costs of suit; and thereupon issued an execution, which was levied upon the property of Patterson, who replevied the same, by executing a forthcoming bond with Holley and Hobbs as his sureties; which being returned "forfeited," the justice of the peace thereupon issued an execution against all the plaintiffs in error.

The plaintiffs, Patterson, Rosser, and Forniss, then presented their petition to the judge of the County Court, for a writ of

Patterson *et als.* v. Grace.

*certiorari* to remove the case with the proceedings therein, into that court; which being granted, and the case certified accordingly, the defendant in error, filed his statement against Patterson, Rosser, and Forniss, stating the judgment against Hanks; the receipt of the *ca sa* by Patterson; his failure to execute and return it, and the suretyship of Rosser and Forniss.

To the statement there was a demurrer, which being overruled, the defendants below pleaded "not guilty," and issue was thereupon joined.

The case being called for trial, the defendants below, previous to demurring, moved the court to quash the proceedings; which motion was overruled. The demurrer being considered, was also overruled, and a judgment for twenty-one and ninety-eight one hundredths dollars in damages, besides costs, rendered against Patterson, Rosser, and Forniss, as also against Holley and Hobbs, sureties in the forthcoming bond.

To review this judgment, a writ of error is prosecuted to this court, and it is here insisted that the County Court erred:

*First.* Because that court had no appellate jurisdiction of the case, and did not sustain the motion to quash.

*Second.* In overruling the demurrer to the statement.

*Third.* In rendering judgment against Patterson and the sureties in his official bond, when Patterson alone should have been proceeded against.

*Fourth.* In rendering judgment for the amount of the *ca sa,* with *ten per cent.* damages, and interest and costs thereon.

*Fifth.* In rendering a judgment against Hobbs, who was not a party before the court.

*Sixth.* Because the County Court rendered a judgment without the intervention of a jury.

PROCTOR, for the plaintiff.
No COUNSEL appeared for the defendant.

COLLIER, C. J.—By an act passed in 1822, it is provided that appeals shall lie from justices of the peace, to the respective Circuit or County Courts, under the same regulations as thereto-
34

fore prescribed by law, for taking appeals to the Circuit Courts. (Aik. Dig. 261.) Again, it is enacted that the judges of the County Courts, within their respective Counties, shall have full power concurrent with the power of the judges of the Circuit Courts, to grant writs of *certiorari* and *supersedeas* returnable to the County Courts, under the same regulations now in force, relative to granting the aforesaid writs by judges of the Circuit Courts, (Aik. Dig. 246.) Here is a clear delegation to the County Courts, of the right to revise the judgment of justices of the peace, either on *appeal* or by *certiorari*.

But it is possible that in questioning the appellate jurisdiction of the County Court, the plaintiff would be understood as insisting that the justice of the peace had no original jurisdiction, of the case, stated in the notice, and that the primary jurisdiction, if vested in any tribunal, pertains to the Circuit or County Court.

The act of 1824, [Aik. Dig. 175] authorities the plaintiff, in an execution issued by a justice of the peace, to give notice to the constable or his sureties, and move for a judgment against him or them, before the justice of the peace, for failing to return the execution, or to pay over the money collected on the same. And a statute passed in 1834, gives a similar remedy against a constable and his sureties, for a failure to make the money on an execution, before the return day of the same. [Acts of Legislature commencing its session of 1833.]

By an act of 1829, [Aik. Dig. 176] the Circuit or County Court is invested with the jurisdiction, to try on notice and motion, a suggestion against a constable and his sureties, that the constable's return on an execution is *false;* or that he has failed to make the money on the same, as with due diligence he might have done. These are all the legislative acts relating to the subject.

Neither of these statutes embrace the grounds of the motion as disclosed in the notice, and but for the great indulgence accorded to proceedings before justices of the peace, it would have been the duty of the County Court to sustain the motion to

Patterson *et als.* v. Grace.

quash. But the act of 1819, [Aik. Dig. 261,] in aid of that jurisdiction, declares that in cases of appeal from judgments of justices of the peace, the court before whom such appeal shall be brought, shall proceed to try the same, according to the justice and equity of the case, without regarding any defect in the war- ant, capias, summons, or other proceedings of the justice of the peace before whom the same was tried. This court has al- ways given to this statute, a liberal construction, in advancement of its object, [Perry v. Brown, Ala. Rep. 55; Smith & Hill v. Cobb, 1 Stewt. Rep. 62; McGrew v. Adams & Elliot, 2 Stewt. Rep. 507; Thomson v. Pierce, 3 Stewt. Rep. 427; Morrison, Administrator, v. Morrison, 3 Stewt. Rep. 444; Hager v. Thompson, 2 Porter's Rep. 48.]

Though the statutes cited do not authorise the proceeding against the constable and his sureties, for failing to "execute" a *ca sa*, yet as the court was to try the case *de novo*, on an issue to be made up, at, or before the trial; and the defects of the warrant are not to be regarded, it was competent for the defend- ant in error, to have amplified in his statement, the ground of his motion. This was done, and the statement alleges with suf- ficient particularity, the delivery of the *ca sa* to Patterson, its amount, date, &c., the suretyship of Rosser and Forniss, and the refusal to execute and return the *ca sa*. It was needless to have alleged the failure to " execute" the process, the failure to return it, being recognized as sufficient, yet the employment of this term can, at most, be regarded as surplusage, and was not a proper cause of demurrer. The County Court, then, did not err in refusing to quash the proceedings before the justice of the peace or to sustain a demurrer to the statement.

We cannot ascertain from the judgment whether the plaintiffs were, by the judgment of the County Court, charged with *ten per cent.* damages on the amount of the execution, in addition to interest. If they were, that court mistook the law, for the statute is very explicit in declaring, that a judgment for a failure to return final process, shall be rendered against the constable and his sureties, for the amount for which the same issued, with in-

terest thereon, from the day on which the judgment was rendered, to the day of making the motion, together with the costs of the motion. [Aik. Dig. 175.]

The sum claimed by the defendant in error, it appears as well from the judgment of the County Court, as from other parts of the record, exceeded twenty dollars. In fact, the parties themselves seem to have so considered it, or an issue was very unnecessary. This being the case, a judgment could not have been regularly rendered without the intervention of a jury, [Aik. Dig. 260] unless that mode of trial may be regarded as waived, by not asking for it.

The County Court also erred, in giving a judgment against Holley and Hobbs, neither of whom were parties to the case in that court.

The consequence is that the judgment is reversed, and the case remanded.