Ruffin, Chief Justice.
 

 The court i§ of opinion, that neither of the defendants’ objections is sufficient to entitle them to a reversal of the judgment.
 

 One is, that the action ought to be in the name of Mont-fort Stokes: because, as it is said, the bond is not made payable to him as Governor, and therefore cannot be sued on in the name of his successor. The bond is in these words: “ know all men &c. that we (fee. are held and firmly bound
 
 *157
 
 unto his excellency Montfort Stokes, Captain General Commander in Chief, in and over the State aforesaid, in sum of $10,000, to be paid to his Excellency the Governor, his successor or assigns: to the which payment &c.” Now, from these words, a court can, and we think must, by a reasonable intendment, perceive that this bond was meant to be payable to the Governor of this State, in his official capacity; and it is our duty to effectuate the intention of the parties and uphold the instrument, if it can be done without violence to the language. There is no such violence here; but this opinion is quite consistent with the language.— Even if thé epithet “ Governor” were not found in the instrument, we are not sure the bond would be l>ad; since we know the legal identity of the Governor and the Captain General. But any difficulty of that sort is removed by the fact that the money is, upon the face of the bond, “ to be paid to the Governor.” It is therefore an official bond within the statute of 1823, Taylor’s Rev. ch. 1223; which was in force when the bond was given.
 

 It is next said, that the defendants are not liable in this action for, at least, one of the amerciaments which was imposed after the expiration of the official year for which the defendants were the sheriff’s sureties. But the default was in that year, and also the amerciament
 
 nisi;
 
 though the award of execution against the sheriff on
 
 sci. fa.
 
 was after the year. The bond of a sheriff would not, hr itself, oblige the sureties to answer amerciaments and fines on their,principal; but the statute 1829, ch. 33, 1 Rev. Stat. ch. 109, sec. 15, makes them, by express enactment, liable for them “as for other deficiencies in the official duty of the sheriff.” Therefore, according to the general principle, those persons are liable for the amerciament, who were bound as the sureties of the sheriff, at the time of the default committed by which the penalty was incurred. Certainly, if Fonville had been reappointed sheriff and given a new bond in Nov. 1832, the sureties in this last bond would not be bound for previous defaults, although the judgment for an amerciaipent therefor might have been rendered in their time. It follows, that those of the preceding year are liable.
 

 
 *158
 
 The remaining objection, is upon the authority of
 
 McKellar
 
 v.
 
 Bowell,
 
 4 Hawks 34, that the records of the proceedings against Fonville, were not evidence against the sureties. It is admitted, that they do not prove the alleged breach of duty, and, therefore, are not competent evidence for that purpose. But they are evidence
 
 to prove
 
 the amerciaments themselves, that is the fact of their existence; and by force of the statute, are necessarily admissible for that purpose.— As to the default for which the fine was laid: that must have been proved by other evidence; since it is stated in the case that
 
 “
 
 it appeared the sheriff failed to return certain executions in favour of tjhe relator;” for which certain steps were taken to obtain the amerciaments, which the plaintiff then also shewed in evidence. The judgments against Fonville were, then, only used to prove the amerciaments themselves; and certainly they were competent to that extent, since there is no other mode by which it can appear that there was an amerciament, and without this evidence, the
 
 Act of
 
 Assembly would be entirely defeated.
 

 Per Curiam, Judgment affirmed.