Mr. Justice Walker delivered the opinion of the Court. This was an action of trespass, vi et armis instituted by Scog-gin against William J. and George W. Taylor, for arresting and imprisoning him. The defendants justified the imprisonment of the plaintiff under a writ of ne exeat issued at their instance, by a master in chancery. To this defence, the plaintiff demurred upon the ground that the master in chancery had no power to issue such writ, because there was no statute in force authorizing him to do so, and also because, admitting such statute to exist, the power to hear a bill for ne exeat, to determine the sufficiency ■of the application, and to order and grant such writ, is a judicial power which belongs under the constitution to the courts and judicial officers. The demurrer was overruled, and the plaintiff excepted, and by writ of error has brought the case to this court. Prior to the 3d of February, 1843, there were several statutes in force under which the debtor might be imprisoned. They were part of a general code of revised statutes, declared in force 20th March, 1839. By the 1st sec. of ch. 3, Rev. Stat., power was conferred upon the judges of the supreme or circuit courts in vacation, or to the master in chancery in each court to issue writs of ne exeat. On the 3d February, 1843, an act was passed abolishing imprisonment for debt. By the 1st section of that act, it was provided, “ That imprisonment or restraint of the body upon original, mesne or final process issuing out of any of the courts of this State, or from any officer of any such court, or from any magistrate in any civil action whatever, shall not be allowed or permitted: nor shall any process, either original, mesne, or final issue in any civil action from any of the courts of the State, or from any office of any of said courts, or from any. magistrate, whereby any person may be held to bail, or compelled to enter •into bond or recognizance for his appearance, or in any way restrained of his liberty or imprisoned, except in the cases herein after specially mentioned.” This act embraces all courts, all officers, and every state of case in a civil proceeding. The exception specially mentioned is in favor of cases of fraud when supported by affidavit. There is but one other section in the act which confers upon any chancellor, or judge of a circuit court exercising chancery jurisdiction, or any court of chancery, power to issue writs of ne exeat or writs of injunction to prevent the removal of property beyond the limits of the State; which power, it is expressly declared, shall remain in such courts, chancellors and judges unimpaired and unaffected by any thing in the first section contained. The legislature was evidently aware of the sweeping repeal of all laws in regard to imprisonment for debt by the first section ; and by the second section expressly conferred power to issue such writs on the chancery courts and on the judges of such courts. No mention is made of the master in chancery, although the names of the officers and courts authorized to issue such writs, are repealed in that section It is scarcely to be supposed that this omission was unintentional; for, unless it had been intended by the legislature to limit the power to these officers and courts, there was certainly no necessity for a special re-enactment. A single sentence declaring the law, as it then stood, to be and remain in force, would have sufficed. There is another reason why we may well suppose that the legislature intended to limit this power to the courts and judges, which is this: It is a matter of public history, known and felt throughout the State, that the Revised Code, which conferred this power upon the master in chancery, contained many like acts in the distribution of the judicial powers, not only as to those to be exercised by the judicial officers within the limits of their constitutional power, but also by conferring such power upon ministerial.officers, who, under the constitution, could not exercise it. These acts produced great confusion in the earlier administration of the law under the State government; some of which were declared unconstitutional, and others, from time to time, were repealed or modified by the legislature. With a knowledge of all this, it is scarcely to be presumed that they would have extended this power to an officer whose constitutional power to act under the law was, to say' the least of it, very questionable. It should be borne in mind, too, that this act was intended to protect the liberty of the citizen; and it is but fair to suppose that an additional safeguard was intended to be thrown around him by confiding the power to issue such writs to judicial officers, experienced in the law, rather than less experienced ministerial officers of the courts. We must, therefore, conclude that the legislature intended, by the act of February, 1843, to repeal, and did repeal, so much of the act of 1839 as conferred power upon the master in chancery to issue writs of ne exeat. As therefore there was no statute in force conferring upon the master in chancery power to issue such writ, it follows that any defence under authority of the statute must fail, and if no power was conferred by statute, none exists in that officer unless it is derived from his general jurisdiction and power as an officer of the chancery court. But that question need not be considered in this case, because the writ issued in this case upon a cause of action cognizable alone in the common law courts; and was prosecuted under the 12th sec. of 111 chap., Digest, upon a money demand. By reference to the 20th section of the act, it will be seen that when the debt is due at the return of the writ, the court proceeds to try the cause without formal pleadings as in other suits at law, and to pronounce judgment therein. The 13th and 21si sections of the same act provide for proceedings upon equitable demands, and the manner of rendering a decree thereon. This being the case, it needs no argument to show that the general powers of the officer of a court in the absence of a statute, are limited to subjects properly within the jurisdiction of such court, and this was not a chancery proceeding upon an equitable demand, but a proceeding upon a demand over which the common law courts had exclusive original jurisdiction, it follows that the master had no power to issue such writ. We are not, however, to be understood as admitting that the master in chancery in any case can issue such writ, even if a statute should be passed to that effect, or that under the general powers of that officer, he can do so. See Kennedy Ex parte, (6 Eng. 599.) That question does not properly arise in this case, as this is not a proceeding either under a statute or in chancery upon an equitable demand. The circuit court erred in overruling the demurrer to the defendant’s pleas of justification; and, for this error, the judgment must be reversed, and the cause remanded for further proceedings to be had therein according to law. Chief Justice Watkins did not sit in this case.