[No. 5594.]
## A. H. GLASCOCK *v.* J. SCOTT ASHMAN ET AL.

FINDING OF FACTS.—The Court, when it finds the facts, must find on all the material issues made by the pleadings.

FINDING A PROBATIVE FACT.—The finding of a probative fact which might tend to prove an allegation in the complaint, is not a finding of the truth of the allegation if the evidence is not in the record, and there might have been evidence which is not in the record to overcome the presumption arising from the finding.

FINDING OF FACTS AS TO DAMAGES.—In an action against a Sheriff to recover damages for failure to return an execution, a finding by the Court that the Sheriff has not returned the execution is not a finding that actual damages were sustained, if there is nothing in the record to show but what the evidence might have disproved damages.

APPEAL from the District Court, Thirteenth Judicial District, County of Tulare.

·The defendant Ashman was Sheriff of the County of Fresno, and the other defendants were his bondsmen. The plaintiff recovered a judgment in the Court of A. Elkins, a Justice of the Peace in Visalia Township, Tulare County, for $299 principal, and $108.63 interest, and costs of suit, against F. Hutchinson and W. R. Owen, and W. J. Owen recovered another judgment before the same Justice against F. Hutchinson, W. C. Owen, and W. R. Owen for $299 principal, and $119.60 interest, and costs, and R. E. Hyde also recovered a judgment before the same Justice against said Hutchinson and W. R. Owen for $250.50 principal, and $30.23 interest, and costs, which judgments were docketed in the County Court. W. J. Owen and R. E. Hyde assigned their judgments to the plaintiff, who issued executions on them out of the County Court, and on the 3rd day of October, 1874, placed them in the hands of the defendant, as Sheriff, and notified him that Hutchinson, one of the defendants, had a stack of wheat in the straw, which was liable to execution. The Sheriff failed to levy on the wheat, which was worth $202.34, and failed to return the executions within the sixty days, at the end of which time they were made returnable, and did not return the executions to the County Clerk until February 15th, 1875. This was an action to recover damages for the failure to levy, and also for the failure to return

the executions, and also for the penalty allowed by statute for the failure to return an execution which, in this State, is $200. The Court gave the plaintiff judgment for the $200 penalty allowed for each execution, and the value of the wheat, making $802.34. The plaintiff thought he was entitled to judgment for the amount for which the executions were issued, beside the $802.34, making $2,325.98, and therefore brought this appeal. This case came up on the judgment-roll. The above facts were found by the Court. The other facts are stated in the opinion.

*Brown & Daggett*, and *Wm. W. Cross*, for the Appellant.

The vital question in the case is as to the measure of damages. The Court below properly gave us the statutory penalty for the failure of Ashman to make his return. (Political Code, sec. 4179.)

But the Court should have gone further, and given us judgment for an amount equal to the sum total of all the writs (in addition to the statutory penalty) as damages for a failure to return the writs. In an action against a Sheriff for neglecting to return an execution *prima facie*, the measure of damages is the amount required to be raised by the execution. It is not necessary for plaintiff to allege or prove special damages. (*Ledyard* v. *Jones*, 3 Seld. 550; *Patterson* v. *Westervelt*, 17 Wend. 543; *Bank of Rome* v. *Curtis*, 1 Hill, 275; *Pardee* v. *Robertson*, 6 Hill, 550; *Weld* v. *Bartlett*, 10 Mass. 474; *Kellogg* v. *Monroe*, 9 Johns, 300; *Swezey* v. *Lott*, 21 N. Y. 481; *Taylor* v. *Hancock*, 19 La. An. 466; *Bowman* v. *Cornell*, 39 Barb. 69; *People* v. *Lott*, 21 Barb. 130; Shearman & Redfield on Negligence, sec. 533; Freeman on Executions, sec. 368.)

*Sayle & McElvaney*, for the Respondents.

By the COURT:

In the complaint the plaintiff alleges that he has sustained actual damages (in addition to the statutory penalty) by reason of the failure of the Sheriff to return the executions. This averment is denied by the answer, and the Court below did not

find whether such damages were or were not sustained, or, if sustained, in what amount. This was a failure to find on a material issue made by the pleadings.

It is claimed by the plaintiff that inasmuch as the Court found that the executions were in the hands of the Sheriff, and were not returned, plaintiff was entitled to recover *prima facie* the amount of the executions as actual damages. But it is manifest that the finding of a probative fact which might tend to prove, or which, *prima facie*, did prove, a certain amount of damages, is not a finding that damages were sustained, since, for aught that appears in the findings, (the evidence not being before us) the evidence of defendants might have entirely overcome the presumption created by the executions.

In the absence of a finding upon the issue referred to, the judgment must be set aside and the cause remanded, with directions to the District Court, upon the evidence already taken, and upon such other evidence as may be adduced by the parties, to find upon that issue, and thereupon to enter judgment.

It is so ordered.

At the January Term, 1878, the COURT rendered the following decision:

On a cross appeal in this case by the plaintiff, we decided, at the last term, after full argument, that the Court had failed to find upon material issues raised by the pleadings, and reversed the judgment and remanded the cause, with directions to find upon the omitted issues, and thereupon to enter judgment upon the findings. That judgment has now become final, and it is proper to render the same judgment on this appeal.

It is therefore ordered that the petition for rehearing be denied; that the opinion and judgment of this Court heretofore rendered be set aside; and it is further ordered that the judgment of the Court below be reversed and the cause remanded, with the same directions as on the plaintiff's appeal.