HUSTON, J.
P. H. Kinney, the principal defendant, as sheriff of Alturas county, received an order of sale issued upon a judgment and decree recovered in the district court for Alturas county in favor of the plaintiffs and against one Gil-man. Levy was made under the execution upon certain real estate situated in Alturas county. Due notice of sale was published, and, after several postponements, sale was had, and the property was bid in by the attorney of the plaintiffs, and certificate of sale regularly executed and delivered to him. No return was ever made by the sheriff upon the order of sale. The sheriff, some time before the expiration of the time for redemption of the property from sale, resigned his office, and left the country. On January 23, 1891, the plaintiffs, by their attorney, moved the honorable judge of said district court at chambers for the appointment of a commissioner to execute a deed in accordance with the certificate of sale theretofore' issued as aforesaid. Said motion was contested by the defendant in the judgment, and on the hearing the attorney of said' defendant presented a receipt, a copy of which appears in the record, and is as follows:
“Hailey, April 10, 1890.
“Received from John Gilman, three hundred twenty-five dollars ($325) to settle a judgment of Robinson & Emery v. John Gilman. [Signed] P. H. KINNEY.”
On the seventh day of February, 1891, the said district judge rendered his decision denying said motion, which decision was in writing, and contains the following:
*481 “That on October 31, 1887, plaintiffs recovered judgment •against John Gilman in above cause. That on March 14, 1890, plaintiffs caused to be issued the order of sale of the ■second district court in the said cause, and delivered it to P. H. Kinney, then sheriff of the county of Alturas, territory of Idaho, as sheriff, commanding the said sheriff thereunder to sell the property in said order described, or so much thereof as he might deem necessary to satisfy said judgment and costs. After the levy on the property by the sheriff as aforesaid, but before the sale aforesaid, and on April 10, 1890, defendant, •John Gilman, paid said P. H. Kinney, as sheriff aforesaid, all he, said sheriff, claimed due plaintiffs under said order of sale, ■or that he, as sheriff, was entitled to receive thereunder. Said P. H. Kinney is not now, and since about August 1, 1890, has not been, sheriff of Alturas county. For the foregoing reasons I deny the motion.
(Signed) “C. O. STOCKSLAGEB, “District Judge.
“This seventh day of February, A. D. 1891. Filed February 14, 1891.”
On February 28, 1891, plaintiffs instituted suit against said sheriff, and the other defendants as sureties upon said sheriff’s •official bond. The complaint sets forth in due form the cause ■of action as hereinbefore indicated, and prays judgment •against such of defendants as have appeared in the action. The answer is a general denial. Neither complaint nor answer was verified.
The only evidence offered by the defense was touching the .genuineness of the signature of P. H. Kinney to the receipt hereinbefore set forth. Several witnesses called by defendant ■testified that the signature on the receipt was not that of P. H. Kinney. About an equal number testified on the part of plaintiff that they believed it was the signature of P. H. Kinney. Walter Gilman, a witness on the part of plaintiffs, testified that he was the son of John Gilman, defendant in the •suit of Robinson & Emery v. Gilman; that he was present with his said father at the bank in Worcester, Massachusetts, when he procured a draft for $325, to send to Sheriff Kinney to pay *482 the judgment in the case of Robinson & Emery v. Gilman; that the draft was indorsed by said John Gilman, and was sent to Sheriff Kinney; that Kinney, in April, 1890, at Hailey, admitted to witness that he had received the draft, and assured him there would be no sale of the property. C. J. Selwyn, a witness on the part of plaintiffs, testified that he was cashier of First National Bank of Hailey on April 10, 1890; that said bank paid a draft from Worcester National Bank of Massachusetts for $325, payable to John Gilman, and indorsed by P. H. Kinney to Francis A. Smith; that the draft was paid to Mr. Smith. The judgment, decree, and order of sale, the notice of sale and proof of publication thereof, and the certificate of sale, were all in evidence. The jury found a verdict for the defendants. Plaintiffs made a motion for new trial, which was overruled, and from the order overruling said motion, and from the judgment, this appeal is taken.
Appellants allege as error the refusal of the court to admit in evidence the decision of the district ’judge upon the motion for appointment of a commissioner to execute deed in accordance with-the certificate of sale. We think this point is well taken. The district judge had already decided that the money due upon the judgment in the-case of Robinson et al. v. Gilman, et al., had been paid to Kinney as sheriff, and for that reason refused to allow a deed to pass to the purchaser upon the certificate of sale. It would seem as though that decision settled the question of the receipt of the money by Kinney, and we knoAV of no reason why such proof should not have been admitted. Still we think the receipt of the money by Kinney was sufficiently proven without this evidence.
Appellants allege error in the ruling of the district court in excluding a copy of a certain letter dated February 17, 1891,. purporting to have been Avritten by the attorneys of the plaintiffs to the defendant Kinney, maldng demand upon him for the money alleged to have been collected and received by him as sheriff. Defendants objected to the introduction of this-latter, upon the ground, among others, that no proper foundation had been laid for its introduction. We think this objection was well taken. We have searched the record in vain for any evidence that any such letter as that of which the ona *483 offered purports to be a copy was ever written. The record says: "Next, plaintiffs offered a copy of a letter mailed to P. Ii'. Kinney, February 17, 1891, marked Tlfs. Ex. 2/ for identification, which reads as follows”; then follows the copy of the letter. But it nowhere appears that any proof was made or offered that any such letter was ever written or mailed.
Appellants allege as error certain instructions given by the court to the effect that to entitle plaintiffs to recover it was essential for them to prove a valid judgment, execution, delivery of execution, payment to the sheriff of the money received, and that the same has not been by him paid over to the parties entitled to receive the same, and that demand therefor has been made upon him. We cannot see that there was error in these instructions. This action is brought upon sections 1874 and 1876 of the Eevised Laws of Idaho, which are severally as follows: Section 1874: "If the sheriff does not return a notice or process in his possession, with the necessary indorsement thereon, without delay, he is liable to the party aggrieved for the sum of $200, and for all damages sustained by him.” Section 1876: "If he neglect or refuses to pay over on demand to the person entitled thereto any money which may come into his hands by virtue of his office (after deducting his legal fees), the amount thereof, with twenty-five per cent damages, and interest at the rate of ten per cent per month from the time of demand, may be recovered by such person.” To recover under the latter section it is, as charged by the district court, incumbent upon the plaintiffs to allege and prove a demand. The demand was alleged, but plaintiffs failed to prove it. There could be no recovery against the sureties of the sheriff under section 1874 of the Eevised Laws of Idaho. That section of our code was adopted literally from the code of California, and it has been held by the supreme court of that state (Glascock v. Ashman, 52 Cal. 493) that the penalty provided for in that section could only be recovered against the Sheriff; that his sureties were not liable therefor. We think, however, that it was clearly shown by the evidence that the defendant Kinney, as sheriff, received upon the execution in his hands in favor of plaintiffs and against Gilman the sum of $325. This sum it was his duty to pay over to the plaintiffs, *484 less his legal fees. There is no evidence showing what his fees were. We are of the opinion that plaintiffs are entitled to recover on the case made by the record the sum of $325, and interest thereon at the rate of ten per cent per annum from April 30, 1890. The judgment of the district court is reversed, and ¡said court is ordered to enter judgment in favor 'of plaintiffs and against defendants for the sum of $325, with interest thereon from April 10, 1890, at the rate of ten per cent per annum; costs to appellants.
Sullivan, O. J., and Morgan, J., concur.