77   497
f 83   80

### HEARN *v.* AYRES.

### Opinion delivered January 20, 1906.

1.  JUDGMENT—PRESUMPTION ON COLLATERAL ATTACK.—Where the judgment of a court of superior jurisdiction recites that defendant was duly summoned, it will be presumed, on collateral attack, that the court had evidence before it upon which to base a finding in favor of its jurisdiction.  (Page 503.)

2.  REPLEVIN—WHEN PROPERTY IN CUSTODY OF LAW.—When a sheriff executed an order of delivery in replevin by taking possession of the property named therein, from that moment the property was in the custody of the law.  (Page 504.)

3.  SAME—LIABILITY OF SHERIFF FOR PROPERTY SEIZED.—Where a sheriff seized property by virtue of legal process in a replevin case, he became privy to the suit and can exempt himself from liability for subsequent loss of the property only by showing that he made such disposition of it as the law directs, or that its loss was not on account of his negligence, and he cannot question the right and title of the plaintiff who recovered in that action.  (Page 504.)

4.  SAME.—Where property was seized by a sheriff under a writ of replevin, and the defendant failed to give bond to retain it, it remained in the sheriff's custody, in the contemplation of the law, until it was turned over to the plaintiff in replevin, as provided by Kirby's Digest, § 6863.  (Page 504.)

5.  EVIDENCE—RETURN OF SHERIFF.—In an action against a sheriff and

32

the sureties on his bond for having made a false return on process, the court properly charged the jury that such return "was only *prima facie* evidence" of the facts which it recites. (Page 504.)

6. REPLEVIN—SUFFICIENCY OF DELIVERY OF PROPERTY.—Delivery of property replevied to the plaintiff does not consist in the sheriff making return that' he delivered the property to plaintiff, nor in his telling plaintiff that he placed him in possession of it, but in placing plaintiff in actual exclusive control of the property. (Page 505.)

7. SAME—DAMAGES FOR LOSS OF PROPERTY BY SHERIFF.—The measure of damages, in an action against a sheriff to recover the value of logs negligently lost while in his custody under process in a replevin case is their value at the time they should have been delivered to the plaintiff in the replevin suit, with interest, and it is immaterial that the complaint in replevin alleged a smaller value. (Page 505.)

8. ABATEMENT—WAIVER.—An objection to the court's jurisdiction over defendant's person is waived by answering without making or insisting on a motion to abate for want of service. (Page 506.)

9. FALSE RETURN—PENALTY.—In an action against a sheriff for a false return it was error to impose on him a penalty of $50 as for a failure to execute process, under Kirby's Digest, § 4487, subdiv. 6. (Page 506.)

Appeal from Craighead Circuit Court; FELIX G. TAYLOR, Judge; affirmed with modification.

STATEMENT BY THE COURT.

This was an action brought in the circuit court of Mississippi County, at Osceola, by the appellee, E. M. Ayres, against the appellants, Sarah A. Hearn, as administratrix of the estate of the late J. L. Hearn, deceased, and the sureties upon the official bond of said J. L .Hearn, as sheriff of Mississippi County, for the recovery of the value of a lot of cottonwood logs, claimed to have been lost through the negligence of the said J. L. Hearn, whilst they were lawfully in his custody as such sheriff.

The complaint, after alleging the election of Hearn as sheriff, and the giving of bond with appellants (except Mrs. Hearn) as sureties, sets forth the following:

"That, on the 18th day of April, 1898, the plaintiff, E. M. Ayres, instituted an action of replevin against one Lucian Roy, in the circuit court of said county, to recover 1400 cottonwood logs, the property of the plaintiff, and worth $7,000. That a writ was issued in said cause by the clerk of the court, directed to the sheriff of said county, and commanding him to take said

1400 logs from the said Lucian Roy, the defendant in said cause, and deliver them to the plaintiff, E. M. Ayres. That the plaintiff executed proper and good and sufficient bond, which was accepted by the sheriff; and that the sheriff, acting by virtue of said writ, took said logs from out of the possession of the defendant, Lucian Roy. That, at the May term, 1899, of said circuit court, the plaintiff obtained a judgment, declaring him to be the owner of said logs and entitled to the possession thereof; and ordering a recovery accordingly. That said J. L. Hearn, sheriff, made a return on the said writ of replevin, stating that he took the said logs from the defendant's possession and delivered them to the possession of plaintiff, Ayres; but in point of fact said Hearn, sheriff, did not deliver the said logs to the plaintiff, E. M. Ayres, nor did he in any way account for them to the plaintiff, although the plaintiff often requested him so to do, and by the negligence of the said sheriff said logs were stolen or lost. That the said J. L. Hearn died in October, 1899, and the defendant, Sarah A. Hearn, subsequently qualified as administratrix of his estate.

"Wherefore the plaintiff prays judgment against the defendants for the sum of $7,000, together with ten per cent. interest per annum thereon since the rendition of said judgment; and $500 forfeiture or penalty, and general relief."

All of the defendants upon whom service had been obtained, except one, H. D. Tomlinson, answered.

In their answer defendants "deny that the logs sued for were worth $7,000; deny that the said J. L. Hearn had taken possession of said logs by virtue of any lawful process; deny that the said E. M. Ayres had obtained any valid judgment for said logs; deny that the said J. L. Hearn had not delivered the said logs to the said E. M. Ayres, as stated in the return upon the order of delivery in the Ayres-Roy replevin suit; allege, on the contrary, that the logs were delivered into the possession of the said E. M. Ayres, and that the return upon the order of delivery that the logs had been delivered to Ayres was conclusive of that fact, and could not be contradicted in this proceeding; deny that they are liable to the plaintiff on account of said logs; deny that they were lost through the neglect or carelessness of the said J. L. Hearn.

"Defendants set up that the order of delivery in the replevin suit was executed by the sheriff taking possession of the logs named therein in Tennessee; that this act of the sheriff was without the jurisdiction of the court from which the order issued, and was therefore void; that the plaintiff in the replevin suit (appellee here) had no interest in the logs; that he had no interest in the lands from which the logs were cut. They also set up that a certain judgment of the United States Circuit Court, rendered subsequent to the time appellee claimed to have acquired title to the lands from which the logs were cut, adjudged the title to said lands and logs to be in one Palsdorfer and his wife, and that appellee had no title thereto. And that this was in a suit in which appellee was a party.

"They alleged that the judgment of the circuit court in the case of Ayres *v.* Lucian Roy in replevin is void for the reason that said court had no jurisdiction of the alleged subject-matter, and no jurisdiction of the person of the defendant therein."

They further set up:

"That all of the defendants in the action, except H. D. Tomlinson, who was a non-resident of the State and upon whom no summons had been served, are, and were at the time of the institution of the action, residents of the Chickasawba District of Mississippi County; that this suit was brought subsequent to the enactment of the act of the General Assembly of the State of Arkansas, dividing Mississippi County into the two judicial districts of Osceola and Chickasawba, and this court has no jurisdiction in this action over the persons of said defendants."

The facts in the case to sustain the verdict, so far as we deem it necessary to state them, are substantially as follows:

On the 18th day of April, 1899, Ayres commenced an action of replevin in the circuit court of Mississippi County, Arkansas, against one Lucian Roy, to recover 1400 cottonwood logs cut on "Flour Island."

Armed with an order of delivery, the sheriff, J. L. Hearn, accompanied by Ayres, seized the logs when they were being prepared for rafting. The sheriff told Roy he would give him two days to make a bond. Whereupon Ayres suggested to him that he had "better put a guard over the logs," which he declined to do,

giving as a reason therefore that the river was falling too fast for them to get away with the logs.

The sheriff made a return—not dated itself—on the order of delivery, stating that he delivered the logs to Ayres April 19, 1899, and "notified—————— Roy, Lucian Roy's brother, and supposed to be his partner, of the time of trial." In point of fact, the logs were not delivered to Ayres, but they were stolen by Roy, or some one else, and rafted down the river.

Circuit court opened on the first Monday in May following, and Ayres took a default judgment for the 1400 logs. A few months later Sheriff Hearn died, and on the 12th day of April, 1901, Ayres commenced this suit against his estate and bondsmen to recover the value of the logs.

The appellee, over the objection of appellants, introduced the following:

"F. M. Ayres, Plaintiff,

v.

Lucian Roy, Defendant.

"Come the plaintiff in his own proper person and by his attorney, and, it appearing to the court that the defendant had been duly summoned to appear and answer, but made default; it further appearing in the court that the plaintiff is the owner of the fourteen hundred logs (1400) cottonwood logs replevied in this action and entitled to the possession thereof; it is therefore considered, ordered and adjudged by the court that the plaintiff do have and recover of the defendant, Lucian Roy, the (1400) fourteen hundred cottonwood logs replevied in this action and all costs in their behalf expended for which execution may issue.

"It is agreed and stipulated by the plaintiff and all of the defendants that the above is a copy of the judgment rendered in the case of E. M. Ayres against Lucian Roy, and that it may be introduced as evidence.

                                        "J. T. Coston,
                                        "Semmes & Thomasson."

The introduction of this stipulation as evidence is not made one of the grounds of the motion for new trial. Appellants failed to preserve their objection to it.

The appellee also introduced in evidence the complaint of

Ayres v. Lucian Roy, in which Ayres alleged that "he is the owner and entitled to the possession of fourteen hundred cottonwood logs of the value of $750, which the defendant Lucian Roy has possession of without right," etc. This complaint shows that it was filed in the circuit court April 18, 1899.

S. S. Semmes, for appellant.

The logs in controversy in the Ayres-Roy suit were never lawfully in possession of the sheriff, and neither his estate nor his official bondsmen were liable for their loss. 2 Ark. 503; 31 Ark. 54; 36 S. W. 679; 26 Am. St. Rep. 367; Murfree on Sheriffs, § 114a. Defendants being residents of the Chickasawba District, could not be sued in the Osceola District of Mississippi County. Acts 1901, 138, § 4; 45 Ark. 95; 63 Ark. 39; Kirby's Digest, § 6074. The return of an officer, either on mesne or final process, as to all facts to which he has authority to certify, is conclusive as to the parties to the action and their privies, and can not be collaterally impeached. 2 Ark. 26; 11 Ark. 368; 25 Ark. 314; 39 Ark. 75; 40 Ark. 143; 44 Ark. 206; 54 Am. St. Rep. 609; Murfree on Sheriffs, § 868; Alderson, Jud. Writs, 569; 19 Enc. Pl. & Pr., 965, 967; 7 Lawson's R. R. & P. 6032. It was error to instruct the jury (5 B) that the return of the sheriff was only *prima facie* evidence of delivery to Ayres, and that his telling Ayres that he placed him in possession of the logs did not constitute delivery. 60 Ark. 613; 31 Ark. 165; 4 Am. & Eng. Enc. Law (2 Ed.), 561. The measure of damages would be the stumpage value of the timber at the time it was cut, and not the value of the logs after they were cut. 65 Ark. 460; 14 Ark. 505; 31 Ark. 286; 69 Ark. 303; 70 Fed. 570; 85 Am. St. Rep. 466; 91 *Ib.* 820. The complaint and affidavit in the Ayres-Roy suit placed the value of the logs at $750. Recovery in this suit should have been limited to that amount. 5 Ark. 158; 8 Ark. 458; 37 Ark. 604; 24 Am. & Eng. Enc. Law (2 Ed.), 517.

There is no statute authorizing the verdict for $50 penalty for false return.

J. T. Coston, for appellee.

Defendants waived any objections to jurisdiction by answer filed, and motion to transfer to Chickasawba District.

On collateral attack the court will presume in favor of the jurisdiction of the lower court in the Ayres-Roy suit. 6 Cranch, 284; 79 S. W. (Ark.) 1063; 61 Ark. 475; 66 Ark. 7; 30 Conn. 190; Works, Courts and Jurisdiction, 168; 23 Wall. 465. Property taken in replevin is in the custody of the law; whether in the hands of a party to the suit who has given bond, or held by the officer, is immaterial. Cobbey on Replevin, § 706. The sheriff was privy to the Ayres-Roy suit, and defendants are bound by the result. Cobbey on Replevin, § § 1168-1178; 2 Mich. 372; 13 Johns, 580. The sheriff's return is conclusive only as against himself; as to others it is *prima facie* evidence of the facts, which may be overturned by proof *aliunde.* Murfree on Sheriffs, 428, § 866; 8 Ark. 385; 83 Ala. 429; 98 Ala. 417; 33 N. E. 124; 8 Kan. 370; 41 Kan. 326; 2 Gill, 62; 90 N. C. 41. Even then, it is *prima facie* evidence of such facts only as he is bound by law to return. Murfree on Sheriffs, *supra*; 25 Ark. 564. In this case nothing short of placing Ayres in actual exclusive control of the logs could constitute a delivery. Fed. Cas. No. 3354; Har. & J. 485; 55 Ark. 91.

The measure of damages is the value of the logs at the time the sheriff should have delivered them, with legal interest from that time. 69 Ark. 303. The value laid in the complaint and affidavit is a matter of form, and a greater value may be proved. Cobbey on Replevin, § § 539, 540; 21 Ark. 489; 41 Mich. 576; 28 Mich. 170. The statute authorizes the penalty awarded by the jury. Kirby's Digest, § 4887, subdiv. 6. The use of the words "false return" was surplusage, and does not invalidate that part of the verdict. 99 N. Y. 517; 62 Pa. 45; 91 Pa. 202; 1 Minn. 134; 18 Mo. App. 459; *Ib.* 583; 47 N. H. 54; 86 Ga. 499; 29 Ind. 303; 34 La. Ann. 131; 28 Md. 600.

WOOD, J., (after stating the facts.) The judgment of the circuit court in the case of Ayres *v.* Roy, in which Ayres recovered judgment against Roy for the logs, is conclusive here as to the title and right of possession of the appellee to the logs which the sheriff took possession of under the order of delivery in that suit. Appellants allege that the judgment was void for want of jurisdiction of the person of Roy, but they fail to show it. The judgment recites that "the defendant had been duly summoned to appear and answer, but made default." This was sufficient to

show jurisdiction. It was the province and first duty of the court to determine whether it had jurisdiction of the person of the defendant, against whom it was about to render judgment. The record affirmatively recites: "It appearing to the court that defendant had been duly summoned." We must presume, in the absence of evidence to the contrary, on collateral attack, that the court had evidence before it upon which to base a finding in favor of its jurisdiction. "When the jurisdiction of a court of general jurisdiction depends upon facts not appearing in the record, they will be presumed in a collateral proceeding." *McConnell* v. *Day*, 61 Ark. 464, and cases cited.

When the sheriff executed the order of delivery by taking possession of the property named therein, from that moment such property was *in custodia legis*. Cobbey on Replevin, § 706; *Hagan* v. *Lucas*, 10 Pet. (U. S.) 400.

Having seized the property by virtue of legal process in the replevin suit, he was on that account privy to the prosecution of that suit. *Prentiss* v. *Holbrook*, 2 Mich. 372. See *Gelston* v. *Hoyt*, 13 Johns (N. Y.), 580. And he could only exempt himself from liability for loss of the property which had come into his possession in that proceeding by showing that he had made such disposition of it as the law directs, or that its loss was not on account of his negligence. It was not his province then, nor can he now question the right and title of the plaintiff in that suit. Cobbey on Rep., § § 1168-1178. As custodian of the property, at the termination of that litigation, he held the fruits of it subject to the lawful orders of the tribunal whose duty it was to adjudicate the rights of the parties, unless after seizing it he had disposed of it as the statute directs. Kirby's Digest, § 6863. In contemplation of law the property, after seizure by the sheriff, remains in his possession (the defendant failing to give bond) until it is turned over to the plaintiff in replevin. As to whether he made legal disposition of it was submitted to the jury upon proper instruction, and there was evidence to support the verdict.

This view eliminates every question presented at the trial and so exhaustively treated in briefs of counsel, except the following:

1. The sheriff's return was not conclusive. The seventh paragraph of the complaint set out in the statement of facts

shows that this was a suit, in legal effect, against the estate of the sheriff and the sureties on his bond for false return. The return of the officer was directly questioned. This being true, the court did not err in refusing the request of appellants for instruction telling the jury that the return of the officer on the order of delivery in the replevin suit was conclusive, nor did it err in granting the request of the appellee for an instruction to the effect that such a return of the sheriff "was only *prima facie* evidence of the fact that the possession of the logs had been turned over to the appellee." *State* v. *Lawson,* 8 Ark. 380; *Craven* v. *Higginbotham,* 83 Ala. 429; *Thorn* v. *Kemp,* 98 Ala. 417; Murfree on Sheriffs, p. 429, § 866.

The question whether or not the logs in the replevin suit, after being levied on by the sheriff, were lost through his negligence was properly submitted to the jury, and there was a conflict in the evidence with ample evidence to sustain the jury's verdict. We therefore will not disturb it.

The jury was properly directed in instruction No. 5B* as to what would constitute a delivery of the logs to the plaintiff in the replevin suit, and there was evidence to sustain the verdict that no such delivery had been made to appellee.

2. The measure of damages in the case is the value of the logs at the time they should have been delivered by the sheriff to the plaintiff in the replevin suit. The sheriff was simply their legal custodian, and if, through his negligence, they were lost, as the jury has determined, he was liable for their value as they were when he, in the absence of a retaining bond, should have turned them over to appellee, the plaintiff in the replevin suit. The jury was properly directed as to this.† It follows that the

---

*"No. 5 B. If the sheriff delivered the logs to Ayres, he was not responsible for their loss. His return states that he did deliver them to Ayres, and his return is *prima facie* evidence of that fact. Delivery of logs to Ayres does not consist in making a return stating that he delivered them to him, neither does it consist in merely telling Ayres that he placed him in possession of them, if Roy or any one else was in possession of them. But the only way he could have delivered the logs to Ayres so as to relieve himself of responsibility would have been by placing Ayres in the actual exclusive control of the logs."

†"No. 6. If you find that the plaintiff is entitled to recoved under at the actual cash value of the logs that were levied upon; and, if you see proper to do so, you may allow interest at the rate of six per cent. per annum on the value of the logs from the time they were levied upon to the present time."

court was correct in refusing the following request of appellants for instruction: "The original order of delivery, affidavit and complaint in the replevin suit of Ayres v. Roy state the value of the logs to be $750. Your verdict, therefore, can not in any event exceed said sum." The allegation of value in the complaint in replevin is a matter of form in pleading. The plaintiff must prove the value, even if not denied, and he may prove a greater value than that alleged, if he can. *Bailey* v. *Ellis*, 21 Ark. 489; . Cobbey on Replevin, § § 539, 540.

3. Appellants waived any objection they might have had to the jurisdiction by answering without making or insisting on a motion to abate for want of service.

4. The penalty of $50 "for false return" was not authorized by the statute. This was not a suit under section 4487, subdiv. 6, for failing to execute process, as contended by counsel for appellee, but, as we construe the complaint, it is a suit against the officer for false return.

In the respect indicated the verdict was erroneous. The judgment will be modified by reducing it here in the sum of $50; and, as thus modified, it will be affirmed.