STATE *ex rel.* JOE SABATINO *v.* ROBERT A. RICHARDS *et al.*

(CC 701)

Submitted April 24, 1945. Decided May 29, 1945.

704

*Townsend & Townsend* and *J. V. Brennan,* for plaintiff.
*Mahan, Bacon & White,* for defendant.

ROSE, JUDGE:

Joe Sabatino was an employee of the New River & Pocahontas Consolidated Coal Company. A judgment was rendered against him in favor of one Pelle for $303.75 on the 4th day of December, 1941, on which a writ of fieri facias was issued and returned *nulla bona.* Afterwards, under date December 22, 1941, a suggestee execution, as provided by chapter 67 of the Acts of the Legislature of 1939, was issued on this judgment, directed to Robert A. Richards, a constable, against the wages of Sabatino due or to become due within one year of its date. This writ was served on the employer January 5, 1942, the effect of which, under the act referred to, was to make the execution a lien on twenty per cent of all the wages of the employee due or to become due after its levy and within one year from its date, provided that the wages to be paid to the employee should not thereby be reduced below ten dollars per week.

On August 26, 1942, Sabatino, who was a husband, and a resident of this state, delivered to the constable an exemption schedule, as authorized by Code, 38-8-3, claiming all his wages then due as exempt from said execution, and demanded a release of his wages from the execution, which release was, and ever since has been, refused. The amount of Sabatino's wages sequestered by the execution was $42.20, which was, by the employer, deducted from his wages, and never has been paid to him. Like exemption schedules were delivered to the constable covering wages due on the seven following semi-monthly paydays,

to and including December 14, 1942, which were similarly ignored, resulting in deductions from the employee's wages which were likewise retained and never paid to Sabatino. The execution, by the terms of the statute, was only effective against Sabatino's wages coming due within one year from its date.

By Code, 38-8-8, it is provided that: "* * * And any officer failing to release any money or property in his control which shall have been exempted, or failing to deliver the same if in his possession, to the debtor, his agent, attorney or spouse, upon request, shall forfeit to the debtor five dollars for each day such failure may continue, which forfeiture may be recovered from the officer and his sureties in an action upon his official bond in any court having jurisdiction. * * *". By Code, 38-5A-9, it is further provided that: A judgment debtor to whom money is due or to become due which would otherwise be subject to suggestion under this article may have the same exempted from levy in the manner and to the extent provided for by article eight * * * of this chapter. The exemption may be claimed for sums currently accruing but must be asserted anew as to any salary or wages which shall begin to accrue after the next payment date. Such exemption shall not be binding upon a suggestee unless and until a certificate of exemption or true copy thereof shall have been delivered to him."

On the 22d day of December, 1943, Sabatino instituted this action against the constable, Robert A. Richards, and The Fidelity & Casualty Company of New York, a corporation, as surety on his official bond, alleging in fuller detail the facts above recited, for the recovery of five dollars for each day during which each of the installments of his wages remained unreleased, amounting, in the aggregate, to $2,480.00.

The defendants interposed, (1) a written demurrer invoking the one-year statute of limitations; (2) a plea setting up the same statute of limitations; and (3) a plea of conditions performed. The trial court sustained the demurrer, and upon a joint motion of counsel certified to

this Court the points of law arising on the demurrer as follows:

"FIRST: That the applicable period or statute of limitations in this action (an action to recover a statutory penalty under the provisions of Code Section 3904) is one year.

"SECOND: That said declaration shows on its face that plaintiff's cause of action, if any he had, accrued to him not later than December 14, 1942, and the said declaration and the original process, a part of the record herein, shows that this action was instituted December 22, 1943, and, therefore, that the same was barred by the applicable period or statute of limitations.

"THIRD: That said declaration, together with said process showing this action instituted December 22, 1943, a part of the record herein, shows on its face that this action is barred by the statute of limitations."

The statute of limitations can be interposed by demurrer in an action at law, provided the summons is made a part of the record by oyer, as was done in this case. *Vencill* v. *Flynn Lumber Company,* 94 W. Va. 396, 119 S. E. 164; *Crawford's Adm'r.* v. *Turner's Adm'r.,* 67 W. Va. 564, 68 S. E. 179.

We have no statute of limitations specifically applying to actions to recover statutory penalties; but there is this applicable general provision in Code, 55-2-12: "Every personal action for which no limitation is otherwise prescribed shall be brought five years next after the right to bring the same shall have accrued, if it be for a matter of such nature that, in case a party die, it can be brought by or against his representative, and if it be for a matter not of such nature, shall be brought within one year next after the right to bring the same shall have accrued, and not after." In *Gawthrop* v. *Fairmont Coal Co.,* 74 W. Va. 39, 81 S. E. 560, it was held that the one-year statute of limitations applies to an action for the recovery of the statutory penalty for mining coal within five feet of a

division line. From the opinion in that case it seems clear that the same statute of limitations should be applied to statutory penalties in general, where no statute specifically provides otherwise. Assignability is a common practical test of the survivability of a cause of action. "What is, and what is not, a cause of action personal in nature is frequently determined by the question whether it is or is not, assignable, assignability and survivability being convertible terms. If, therefore, the party in whom it exists can not by contract, as by assignment, place it beyond his control, it will not survive." Opinion, Lynch, J., *Woodford* v. *McDaniels,* 73 W. Va. 736, 81 S. E. 544. The right of action to recover a statutory penalty, unless otherwise expressly provided, is held to be nonassignable. *Wilson* v. *Shrader,* 73 W. Va. 105, 79 S. E. 1083; *Western Mortgage & Guaranty Co.* v. *Gray,* 215 Cal. 191, 8 P. (2d) 1016; *Ex parte Hiers,* 67 S. C. 108, 45 S. E. 146; *State ex rel. Mitchell* v. *City of Shawnee,* 167 Okla. 582, 31 P. (2d) 552.

The question remains, however, whether, when the penalty is sought to be recovered, not simply against the officer personally, but on his statutory official bond, we shall still apply the statute of one year, or the ten-year statute applicable to actions on official bonds.

Counsel for defendants quote and rely upon the following statement from 43 Am. Jur., Public Officers, section 444: "There seems to be no dissent from the proposition that an action against a public officer and the sureties on his bond for breach of an official duty is not an action on the bond so as to be governed by the statute of limitations relating to actions for an indebtedness evidenced by or founded upon a contract in writing. The reason for this rule has been said to be that an official bond is merely a collateral security for performance of the officer's duty, and when suit is barred for breach of his duty, action is also barred on the bond." However, none of the cases cited to support this text which we have been able to examine seem to have involved a special statute fixing a specific limitation for actions on official bonds. It is neither necessary nor proper that we should consider the correctness

of this general statement in its application, in this state, to all actions brought upon official bonds; but we think the principle thus announced operates as to an action to recover a statutory penalty incurred by a specific default of a public official.

It seems to be very generally held that an official bond containing only the usual conditions requiring the faithful performance of the duties of the office, and an *accounting* for moneys coming into the hands of the officer, does not cover penalties, forfeitures and other amercements superimposed upon the officer over and above the damages resulting from his wrong, unless especially so provided by statute. *McDowell* v. *Burwell,* 4 Rand. (Va.) 317; *Asberry* v. *Colloway,* 1 Wash. (Va.) 72; *State Treasurers* v. *Hilliard,* 8 Rich. (S. C. L.) 412; *Patterson* v. *Grace,* 1 Ala. 264; *Casper* v. *People,* 6 Ill. A. 28; *Governor* v. *Montfort,* 23 N. C. 155; *Glascock* v. *Ashman,* 52 Cal. 420; *Hearne* v. *Ayers,* 77 Ark. 497, 92 S. W. 768; *Robinson* v. *Kinney,* 3 Idaho 479, 31 P. 815; *Brennan* v. *State Bank,* 10 Colo. A. 368, 50 P. 1076.

The legislature of this state apparently recognized this limitation in the coverage of an official bond by its enactment of what is now Code, 38-8-8, above quoted. The liability on the bond for the penalty sued for does not arise strictly from the breach of any condition contained in the bond itself, but from the statute. In this respect the liability of the signers of the bond as to a statutory penalty is legally different from that which would arise from an officer's default covered by the very terms of the bond itself.

We consider the gist of this action to be the recovery of penalties created by statute. If the action were against the constable only, as it might have been, it would have been barred by limitation in one year. The official bond does not increase or extend the principal's duties, obligations or liabilities; it only secures their performance. When the principal becomes liable, the surety also is liable; while the principal remains liable, the surety on the bond continues to be likewise liable. The liability of the principal is the liability of the surety. When the principal,

without the bond, ceases to be liable, why should he and the surety continue to be liable on the bond? The bond was not given to create a new or a larger obligation, but only to secure that which would have existed without the bond. We consider that the one-year statute of limitations applies in this case, rather than the ten-year statute which would apply to an action primarily created by the bond itself.

It only remains to apply the limitation of one year to the case as brought. As we understand the plaintiff's position, it is that no right of action accrued to him until the suggestee execution expired on December 22, 1942, and that prior to that day he could not sue for any of the penalties, or any part thereof. With this theory we cannot agree. The statute prescribes a separate penalty for each day of default, rather than a single gross penalty for the whole period of misfeasance, calculated at the rate of five dollars per day. These sums of five dollars per day were simply a series of successive penalties, and on any day an action lay for the recovery of the total of all penalties for the days prior thereto. The holding in *Reeves* v. *Ross,* 62 W. Va. 7, 57 S. E. 284, relied upon by the plaintiffs, that the provision of our exemption statute "* * * for enforcing a release of exempted property was designed by the legislature only to defeat live process in the hands of the officer, as to the exempted property, * * *", is not contrary to this conclusion in any particular.

The right of action, therefore, for each day's penalty, accrued immediately after the illegal failure to release the impounded moneys and continued as long as it lay within the power of the officer so to do. So far as the declaration is concerned, the power continued to and including the 22d day of December, 1942. Necessarily, the statute of limitations barred every day's penalty upon the lapse of one year after such right of action as to that day's penalty accrued. Separate penalties of five dollars arose by failure of the constable to release each of the eight impounded sums on the 22d day of December, 1942. An action for these could be maintained in the face of the

statute of limitations until the expiration of one year thereafter. This action was instituted December 22, 1943. On that day all penalties except those incurred on December 22, 1942, were barred. The declaration is good for these eight penalties of five dollars each.

Accordingly, we approve the first point of law certified, disapprove the second, and approve the third, except as to the penalties incurred on the 22d day of December, 1942.

*Affirmed in part; reversed in part.*