209 U.S. 514 (1908)
COMMONWEALTH OF VIRGINIA
v.
STATE OF WEST VIRGINIA.
No. 4.
Supreme Court of United States.
Submitted April 7, 1908.
Form of decree announced May 4, 1908.
IN EQUITY.
Mr. William A. Anderson, Attorney General of the State of Virginia, and Mr. Randolph Harrison, for complainant.
Mr. John G. Carlisle and Mr. John C. Spooner, with whom Mr. C.W. May, Attorney General of the State of West Virginia, Mr. Charles E. Hogg, Mr. W. Mollohan, Mr. George W. McClintic and Mr. W.G. Matthews were on the brief, for defendant.
No. 4, Original: Forms of decree appointing special master.
*534 On May 4, 1908, THE CHIEF JUSTICE announced the following decree:
This cause having been heard upon the pleadings and accompanying *535 exhibits, it is, on consideration, ordered that it be referred to a special master, to be hereinafter designated,[1] to ascertain and report to the court:
1. The amount of the public debt of the Commonwealth of Virginia on the first day of January, 1861, stating specifically how and in what form the same was evidenced, by what authority of law and for what purposes the same was created, and the dates and nature of the bonds or other evidence of said indebtedness.
2. The extent and value[2] of the territory of Virginia and of West Virginia June 20, 1863, and the population thereof, with and without slaves, separately.
3. All expenditures made by the Commonwealth of Virginia within the territory now constituting the State of West Virginia since any part of the debt was contracted.
4. Such proportion of the ordinary expenses of the government of Virginia since any of said debt was contracted, as was properly assignable to the counties which were created into the State of West Virginia on the basis of the average total population of Virginia, with and without slaves, as shown by the census of the United States.
5. And also on the basis of the fair estimated valuation of the property, real and personal, by counties, of the State of Virginia.
6. All moneys paid into the treasury of the Commonwealth from the counties included within the State of West Virginia during the period prior to the admission of the latter State into the Union.
7. The amount and value of all money, property, stocks and credits which West Virginia received from the Commonwealth of Virginia, not embraced in any of the preceding items and *536 not including any property, stocks or credits which were obtained or acquired by the Commonwealth after the date of the organization of the restored government of Virginia, together with the nature and description thereof.
The answers to these inquiries to be without prejudice to any question in the cause.
It is further ordered that the Commonwealth of Virginia and the State of West Virginia shall each, when required, produce before the master, upon oath, all such records, books, papers and public documents as may be in their possession or under their control, and which may, in his judgment, be pertinent to the said inquiries and accounts, or any of them.
And the master is authorized to make, or cause to be made, such examination as he may deem desirable of the books of account, vouchers, documents and public records of either State relating to the inquiries he is herein directed to make, and to cause copies thereof or extracts therefrom to be made for use in making up his report.
All public records published by authority of the Commonwealth of Virginia prior to the seventeenth day of April, 1861, and all papers and documents and other matter constituting parts of the public files and records of Virginia prior to the date aforesaid, which in the judgment of the master may be relevant and pertinent to any of said inquiries, or copies thereof, if duly authenticated, may be used in evidence and considered by the master, but all such evidence shall be subject to exceptions to its competency. The public acts and records of the two States since the admission of West Virginia into the Union shall be evidence, if pertinent and duly authenticated, but all such evidence tendered by either party shall be subject to proper legal exceptions to its competency.
The master is empowered to summon any persons whose testimony he or either party may deem to be material, and to cause their depositions to be taken before him, or by a notary public or other officer authorized to take the same, after reasonable notice to the adverse party.
*537 The master is authorized and empowered, subject to the approval of the Chief Justice, to employ such stenographers and other clerical assistants as he may find it desirable to employ in order to the prompt and efficient execution of this order of reference, and to agree with such stenographers and typewriters and clerical assistants upon such compensation to be made to them as the master may consider reasonable and just. He is authorized to direct their compensation to be paid out of the funds to be deposited to the credit of this cause.
The complainant shall cause the sum of five thousand dollars to be deposited with the marshal of this court to the credit of this cause, and such further sums as from time to time may be required, on account of the costs and expenses of executing this decree; and the master is authorized from time to time to draw upon the fund so deposited by Virginia for the compensation of the stenographers, typewriters and other clerical assistants whom he may employ, and for any other costs and expenses, including stationery and printing, which may in his judgment be necessary to be incurred in executing this order of reference.
The said marshal shall receive such commission for his services in receiving and disbursing the funds so deposited with him as may be allowed by the court, and he will make a report of his transactions, receipts and disbursements in the premises.
Any notices to be given in connection with the execution of this decree may be given by and to the Attorneys General of the respective States.
The master will make his report with all convenient speed and transmit therewith the evidence on which he proceeds, and is to be at liberty to state any special circumstances he considers of importance, and to state such alternative accounts as may be desired by either of the parties, subject to the direction of the court.
And the court reserves the consideration of the allowance of interest; of the costs of this suit, and all further directions until after the master has made his report; either of the parties to be at liberty to apply to the court as they shall be advised.
NOTES
[1] On June 1, THE CHIEF JUSTICE announced the appointment of Mr. Charles E. Littlefield, a member of the bar of this court as special master.
[2] A motion having been made to modify the decree this paragraph was amended by the court of June 1 so as to read "The extent and assessed valuation &c." and in all other respects the motion was overruled.