OAKLEAF MILL COMPANY *v.* LASH.

Opinion delivered March 20, 1911.

JUDGMENT—WAIVER OF JURISDICTION OF PERSON.—In a case wherein the court rendering a judgment by consent had jurisdiction of the subject-matter, the judgment-defendant will be held to have waived any objection to the court's jurisdiction over his person.

Appeal from Saline Circuit Court; *W. H. Evans,* Judge; reversed.

STATEMENT BY THE COURT.

The Oakleaf Mill Company was a domestic corporation operating a sawmill in Hot Spring County, Arkansas, where it maintained its chief office. Frank Lash was one of its employees, and was killed in an accident at this mill in said Hot Spring County, on the 25th of August, 1909. The Mill Company carried indemnity insurance, and two weeks after Lash's death the attorney for the insurance company went to see his widow relative to a settlement of the case. A compromise for $800.00 was agreed upon. Josie Lash, the widow, was appointed administratrix of her deceased husband's estate, and on the 14th of September, 1909, a consent judgment was entered in the Saline Circuit Court in her favor as administratrix against the Oakleaf Mill Company for $800, $500 of which was for the next of kin, and $300 for the estate. Mr. Henry Berger, an attorney of Malvern, appeared for the plaintiff and T. D. Wynne for the defendant. The judgment was paid on the date of its rendition.

On the 15th day of August, 1910, Mrs. Lash as administratrix filed a complaint in said Saline Circuit Court to set aside and vacate said judgment, alleging that letters of administration were issued to her and used in said cause without her authority or consent, and that Henry Berger was not employed nor authorized by her to appear in said cause; that said court was without jurisdiction to try it; that the consent judgment set out was fraudulent and prejudicial to plaintiff and obtained by collusion between counsel and a fraud upon the court. That plaintiff's husband, at the time of his death was 38 years of age, and earning $65 a month, and killed by the gross negligence of defendant company while in the discharge of his duties and in the exer-

cise of due care, and that plaintiff has good cause of action for damages against said company, "but that, as long as the above mentioned judgment stands, it will bar plaintiff from enforcing her cause for damages for the death of her husband." Prayer for order vacating and setting aside the judgment.

Defendant answered, denying that the letters of administration were issued without authority to plaintiff without her consent; that she did not authorize Henry Berger to appear as her counsel in the cause, and did not know that he did so appear until after the judgment was entered. That the said judgment was fraudulent, and that it was prejudicial to plaintiff, and that it was obtained by collusion between counsel and a fraud upon the plaintiff and the court. Alleged that the court had jurisdiction of the matters involved in the judgment rendered. Denied that appellee's intestate was killed by negligence of the defendant, and that she had a good cause of action against the defendant on account of his death. Alleged that said judgment was entered and rendered by consent of plaintiff and defendant to consummate and carry into effect a compromise settlement of the cause of action for the death of Frank Lash, which compromise was agreed upon by the parties; that every step in the said compromise and the said proceedings was taken in good faith by the defendant, and no wrong of any kind was practiced on the plaintiff therein, and, said judgment being thus fairly rendered, is conclusive in all matters involved in the case of said action.

It also demurred to the complaint on account of the court being without jurisdiction to order and determine the same, and because it did not state facts sufficient to constitute a cause of action, but the demurrer was not passed on.

Plaintiff replied, admitting that she entered into a compromise with defendant by which she received the sum of $800 for the death of her husband and signed papers which the defendant asked her to sign in connection with the settlement, alleging that at the time she signed said papers she was in a critical condition, both in body and mind, and prostrated on account of her husband's horrible death, which occurred only a little more than a week before she entered into the compromise, and the near approach of the birth of their child, etc., and not in a fit condition to discuss the matter; that she was urged to make said com-

promise, and fraudulently misled by statements from the attorney of the insurance company that if she did not close the matter out at once her husband's father would supersede her as administrator of the estate and get what was coming to her. By reason of such fraudulent representations and undue influence while she was in such a critical condition and while she was on such unequal footing and at such a disadvantage with defendant's agent, she signed papers presented to her by the defendant, "of the contents of which she was and is ignorant, which was a fraud and from which she asks the court to release her."

Testimony was introduced by both parties, tending to show a compromise entered into between the attorney for the insurance company and the manager of the Oakleaf Mill Company on the one side and Josie Lash, the widow of Frank Lash, upon the other, for damages for the death of her husband, and a settlement of the claim for $800, $500 for the widow and next of kin and $300 for the estate; that she was in consultation at the time of the settlement with her father and sister, and advised by a friend, Mr. Norton, who was a justice of the peace, and who had been sent for by her before the agreement was entered into. After the amount was agreed upon, it was suggested that an administration would be necessary, and a consent judgment of the court to carry out the agreement. The widow did not care to employ an attorney and pay out any sum for a fee, and it was further agreed that the attorney's fee would be paid in addition to the amount agreed upon. After her appointment as administratrix, Mr. Berger was selected, by her consent, to draw up the complaint, and he and the attorney for the defendant went before the Saline Circuit Court, then in session, and filed the complaint and answer, and a consent judgment was taken for $800 and the amount paid to her.

The testimony sustained the findings of fact made by the court, as follows:

1. The claim and demand of Josie Lash as administratrix against the Oakleaf Mill Company for the death of Frank Lash, was compromised, and there was no fraud or imposition in said compromise.

2. The judgment of Saline Circuit Court in case of Josie Lash as administratrix *v.* Oakleaf Mill Company was taken to

carry into effect the compromise, and there was no fraud or collusion in said judgment or in any proceedings connected therewith. The parties voluntarily appeared in said court in said cause.

The court declared the law to be "that the Saline Circuit Court had no jurisdiction in said cause of Josie Lash as administratrix v. Oakleaf Mill Company, wherein consent judgment was rendered at the September term, 1909, in said court," and set aside and vacated it, from which judgment this appeal is brought.

*J. H. Harrod,* for appellant.

Notwithstanding the fact that appellant had its principal office in Hot Spring County, it could, nevertheless, voluntarily appear in the circuit court of another county in the State; and when it so appeared, that court would have jurisdiction, and its judgment would be legal.

*J. C. Ross* and *H. B. Means,* for appellee.

The circuit court of Saline County had no jurisdiction to hear the case and enter the judgment of September 14, 1909, and the judgment was properly vacated. Kirby's Dig. § 6067; 77 Ark. 417; 83 Ind. 89; 64 N. C. 631; 41 Mich. 598, 600; 10 Wash. 147; 16 Utah, 151, 158, 159; 33 Ark. 31; 38 Ark. 205; 70 Ark. 346; 72 Ark. 376; 77 Ark. 412.

KIRBY, J., (after stating the facts). It is contended that the court erred in holding that it had no jurisdiction to render the judgment of September 14, 1909. Section 6067, Kirby's Digest, provides:

"An action, other than those mentioned in sections 6060, 6061, against a corporation created by the laws of this State, may be brought in the county in which it is situated or has its principal office or place of business, or in which its chief officer resides; but, if such corporation is a bank or insurance company, the action may be brought in the county in which there is a branch of the bank or agency of the company, where it arises out of a transaction of such branch or agency."

The defendant was a corporation created by the laws of this State, situated in Hot Spring County, with its principal office or place of business in said county, and it did not appear that its chief officer resided in Saline County.

The administratrix who also resided in Hot Spring County brought a friendly suit in Saline County, the circuit court being in session in said county, to carry into effect a compromise of a claim for damages arising out of the death of her husband Frank Lash caused by an injury received at the mill of defendant company in Hot Spring County where he was employed, and said company appeared in said Saline Circuit Court and filed an answer therein, and judgment was thereupon rendered for the plaintiff in the sum agreed upon, eight hundred dollars, which was duly paid to said administratrix, plaintiff.

In *Spratley* v. *Louisiana. & Arkansas Ry. Co.,* 77 Ark. 412, said section 6067 was construed, the defendant having appeared to the suit and objected to the jurisdiction of the court because it was sued out of a county designated in said section, and it was strongly intimated that, but for the objection by the defendant to the venue, the court, after its appearance there, could have rendered judgment against it in the cause.

The action brought in the Saline Circuit Court in which the defendant appeared and the consent judgment was rendered was a transitory one, and the court was one of general jurisdiction having the authority given by law to try such causes.

"Jurisdiction of the subject-matter is given only by law, and cannot be conferred by consent; and therefore the objection that a court is not given such jurisdiction by law, if well founded, can not be waived by the parties." *In matter of Moore,* 209 U. S. 490, 52 L. Ed. 914.

Here the parties appeared in a court having jurisdiction of the subject-matter of the action and consented to the judgment therein, and there was nothing whatever to indicate that the suit was brought in other than the county designated by statute, and defendant thereby waived any right it might otherwise have had to object to the jurisdiction on that account. *Hearn* v. *Ayres,* 77 Ark. 497. The judgment as to it was valid and binding, and surely the plaintiff will not be heard to complain of it on that account.

The court found that there was a compromise of the valid cause of action of plaintiff, and that the judgment was rendered to carry into effect such compromise, "and there was no fraud or collusion in said judgment or in any proceedings connected there-

with," and it should have rendered judgment denying the prayer of the petition to vacate it.

The judgment is reversed, and the cause dismissed.