# CHARLESTON.

## BUCK v. NEWBERRY.

Submitted January 18, 1901—Decided April 22, 1904.

55 681
59 342
60 451

55    681
61    240

55    681
66    203

1. TRESPASS—*Excepted Land.*
    In an action of trespass for cutting trees, and the deed of the
    plaintiff excepts certain tracts within the outside boundary of
    the land, the plaintiff must show that the trees cut were not
    on the excepted land. (p. 683).

2. TRESPASS—*Limitation.*
    In an action of trespass for cutting trees, under a plea of
    the statute of limitations, the defendant must show the date of
    such trespass, and where part of the cutting of trees was
    more, and part less, than five years before suit, he must show
    what part is barred by the statute. (p. 683).

3. NEW TRIAL.
    Rarely can the Supreme Court set aside a verdict dependent
    on weight of evidence, and approved by the circuit judge. The

Code of 1899, chapter 131, section 9, does not, even if it could do so under the Constitution, direct the courts as to what effect they shall give evidence upon a motion for a new trial. (p. 683).

Error to Circuit Court, Wyoming County.

Action by Frank Buck against Herman Newberry. Judgment for defendant, and plaintiff brings error.

*Affirmed.*

CAMPBELL, HOLT & CAMPBELL, H. K. SHUMATE, and J. W. McCREERY, for plaintiff in error.

DOUGLASS & McGRATH, for defendant in error.

BRANNON, JUDGE:

Frank Buck brought an action of trespass *quare clausum fregit* against Harman Newberry, in the circuit court of Wyoming county, for breaking and entering and cutting trees upon a close of Buck containing sixty-three thousand acres, part of a. tract of four hundred and eighty thousand acres of land granted by Virginia to Robert Morris, 23 d March, 1795. A deed from Phillip A. Trimble to Buck, under which Buck claimed, reserves from the sixty-three thousand acre boundary four different tracts, which had been previously conveyed to other persons, aggregating fourteen thousand acres. Newberry pleaded the general issue of not guilty and the statute of limitations. A jury having found for the defendant, the court overruled a motion of Buck for a new trial based on the claim that the finding was contrary to the evidence, and gave judgment for the defendant, and Buck brought the case here.

The case involves only questions of fact under a large amount of oral evidence. Is the place where the trees were cut within the Morris grant? Is that place within or without the four tracts excepted in the deed from Trimble to Buck? Did the defendant cut the timber? Was the cutting within five years before the suit? These are the questions. No actual possession being shown, it is admitted that to recover Buck had to show title to the ground on which the timber was cut, and to do this he had to show that the Morris grant covered it. This was a jury question. It depended on oral evidence of surveys, corner

trees and other corners, water courses, ridges and other circum-
stances. The evidence to locate the survey, and especially as to
a certain line on which the controversy hinged, was not clear,
but easily admitted of two opinions. We cannot overrule the
jury and the circuit court under this head.

There was no adequate evidence to show that the timber cut
was not upon the land excepted in the deed from Trimble to
Buck. The burden was on Buck to show that the cutting was
on his land, and as thousands of acres within the bounds of his
deed were never conveyed to him, he must show that the timber
was not on those excepted lands. *Stockton* v. *Morris,* 39 W. Va.
432. The cases given on the two hearings of that case will sus-
tain this position.

As to limitation: The evidence shows that some of the cut-
ting was barred, some not. The burden was on the defendant
to prove the time of the trespass under this plea, and it was on
him to show what part was barred. But this, except as a legal
proposition arising on the record, is immaterial, as the verdict
is beyond our reach for reasons above stated. We cannot act as
a jury. Again and again has this Court said, that where the case
turns on questions of fact on oral evidence, the jury being the
judges, almost uncontrollably, of its weight and effect, we should
scarcely ever reverse a verdict. In *State* v. *Sullivan,* decided at
this term, this subject is discussed, and it is held that where
there is some evidence, evidence worthy to be considered, fairly
bearing with some weight upon the matter involved, appreciably
operative to sustain a verdict, so as to make the case turn on its
weight and effect, the verdict rightly ought to stand. Why does
the Constitution give the jury trial, if this be not so? It gives
it to both sides. When the Supreme Court interferes, simply
because its judges, if of the jury, would have found the fact
otherwise, it is only an act of arbitrary power against the plain
meaning of the Constitution. I insist that when there has been
a fair trial of fact by a jury, and the verdict is approved by the
judge presiding, the opinion of that judge, who witnesses the
trial, ought to be highly regarded, is almost conclusive and final,
and rarely can be reversed. *Smith* v. *Parkersburg Association,*
48 W. Va. 232; *Sigler* v. *Beebe,* 44 *Id.* 587. As stated in *John-
son* v. *Burns,* 39 W. Va. p. 669, the code, ch. 131, sec. 9, only
causes the evidence, not the ultimate facts merely, to be certi-

:fied, so that the appellate court may see the evidence, and that :its effect to prove facts shall not be left finally to the trial judge; but the Legislature did not design a subversion and revolution : as to the time-honored rules upon the treatment of verdicts and .evidence in appellate courts; did not design to give the evidence . a new force or effect; did not design to overthrow the weight of verdicts. As is said in the *Johnson Case*, the Legislature ·could not add new force to evidence, or affect verdicts under it; for that would be the exercise of judicial function, militating :against the Constitution, which vests that function in the judi- ·ciary. The Legislature cannot trench upon the effect of a ver- ·dict. We must not give the statute such a construction. Before it came the rule was that the trial court certified only the facts which it thought were proven by the evidence, and not the evi- ·dence in detail; but the statute was intended to dispense with the absoluteness of the judge's opinion and bring before the ·appellate court the whole evidence, not merely the facts proven by the evidence according to the circuit judge's opinion, and thus present the whole evidence for the consideration of the :appellate court. For these reasons we affirm the judgment.

*Affirmed.*