# CHARLESTON.

STATE *v.* BALTIMORE AND OHIO RAILROAD COMPANY.

Submitted March 16, 1909.　Decided April 27, 1909.

1.　RAILROADS—*Obstructing Highway—Evidence.*

　　Upon an indictment therefor a railroad company can not be convicted of the offense of obstructing a public road at a railroad crossing, by a freight train in charge of its servants, when the evidence shows but a single offense and that such obstruction was in violation of the rules of such company, and against its positive instructions to the conductor in charge of such train. (p. 604.)

Error to Circuit Court, Harrison County.

The Baltimore & Ohio Railroad Company was convicted of obstructing a highway, and brings error.

*Reversed.*

JOHN BASSEL, for plaintiff in error.

WM. G. CONLEY, Attorney General, for the State.

MILLER, PRESIDENT:

Upon an indictment for obstructing a public road the court below in lieu of a jury found the defendant guilty and pronounced judgment for a fine of fifty dollars and costs against it.

Upon writ of error to this Court, it is claimed that the evidence on the trial was wholly insufficient to support the judgment of conviction. It is not controverted that on the day alleged in the indictment the public road in question was obstructed for some forty minutes, by a long train of freight cars, of defendant in charge of its train crew, that travel upon the public road was suspended for that length of time, and that numerous persons were greatly inconvenienced thereby. The evi-

dence shows that when requested by one of these persons to cut the train in two so as to allow them to pass over the track, the conductor in charge of the train answered that he had such a long and heavy train, and that being on a down grade if he cut his train and went forward he could not get back again to take up the rear end. There is no evidence showing any reason for holding this train so long over this crossing. It is clear that there was a violation of the statute, section 1436, Code 1906, making it a misdemeanor for any person to obstruct a public road. But is the defendant guilty? It was proven that the rules of the company were that crossings were not to be blocked by trains for a longer period than five minutes, and that the conductors had instructions to cut all trains at crossings. There was no evidence that this crossing had ever been thus blocked before, or that defendant knew of this offense or had in any way ratified or approved it so as to charge it with the requisite knowledge, or intent to commit the offense. It is true as argued by the attorney general, and for which he cites abundant authorities, that a railroad corporation is liable criminally as well as civilly for wrongs or offenses of this character committed through or by its agents and servants, within the scope of their employment, and with their approval or properly imputable to them; but for a single offense committed by such an agent or servant in violation of the rules of such company, and contrary to its positive instructions, this Court has held, in at least two cases, and we think rightly, that the railroad company is not liable. *State* v. *B. & O. R. R. Co.*, 15 W. Va. 362; *Hall* v. *N. & W. R. R. Co.*, 44 W Va. 36.

The finding and judgment of the court below will therefore be set aside and reversed, and judgment of acquittal entered here, and the defendant discharged from further prosecution in this behalf.

*Reversed.*