# CHARLESTON.

STATE v. WILLLIAMS.

Submitted September 13, 1910.   Decided November 1, 1910.

1.  FALSE PRETENSES—*Prosecution—Indictment.*
    Under a count for simple larceny it is admissible to prove that the property was obtained by false pretense, with intent to defraud.

2.  LARCENY—*Obtaining Property by False Pretenses with Intent to Defraud—Elements of Defense.*
    One who obtains possession of property upon the pretense of buying it for cash, at an agreed price, for the purpose of the payment of a just debt then due by the owner, equal to, or greater in amount than the price of the property, is not guilty of a statutory crime.

3.  SAME.
    The procuring of the payment of a just debt already due, by false pretenses, is not an indictable offense.

Error to Circuit Court, Braxton County.

Ab. Williams was convicted of larceny, and he brings error.

*Reversed and Remanded.*

*Morrison & Rider* and *C. W. Flesher,* for plaintiff in error.

*William G. Conley,* Attorney General, for the State.

WILLIAMS, JUDGE:

Defendant was convicted in the circuit court of Braxton county on an indictment for the larceny of a cow worth $27.00, the property of one J. F. Combs, and sentenced to an indefinite term in the penitentiary, and brings error.

The proof shows that defendant got possession of the cow by going to Combs' house in the country and representing to him that he was sent to buy her for one Holcomb, a butcher, whose agent defendant claimed to be, and to whom Combs had before that time talked of selling her. They agreed on a price of $27.50 which defendant said would be satisfactory to Holcomb. Defendant then said he did not have any money with him, and Combs consented to go with him to the town of Sutton to get it, and assisted defendant in leading the cow to town. When they arrived, defendant put the cow in the stable of one Frank Frame; and, instead of paying him the money, presented to Combs a judgment in favor of said Frame against Combs for $50.00, which had been assigned to defendant. The judgment was subject to a credit of $7.00, and admittedly just, but Combs refused to let the cow go in payment of it. He, however, proposed to defendant that, if he would pay him $15.00 in cash, the balance of the value of the cow might be applied to the judgment, but defendant declined the proposition. Combs then brought an action of detinue, gave bond, and regained possession of the cow. Pending this action, a compromise was effected by Combs paying $10.00 in discharge of the judgment, and dismissing the action of detinue.

On the foregoing state of facts defendant was indicted for larceny, tried and convicted. Do the facts sustain the indictment? If they prove that defendant obtained the cow by false pretense, *with intent to defraud Combs,* they do; otherwise they do not.

It is well settled by adjudicated cases, both by this Court and the supreme court of Virginia, that an indictment for larceny may be sustained by proof that the property, alleged to have been stolen, was in fact obtained by false pretense, with intent it defraud. Because the statute, section 23, chapter 145, Code 1906, says, that a person who obtains the money, or property of another by such means, and with such intent, shall be deemed guilty of larceny. *Leftwich* v. *Commonwealth,* 20 Grat. 719;

*Anable's Case,* 24 Grat. 563; *Dull's Case,* 25 Grat. 981; *State* v. *Miller,* 28 W. Va. 499; *State* v. *Reece,* 27 W. Va. 375; *State* v. *Edwards,* 51 W. Va. 279. There can be no doubt that defendant obtained possession of the cow by means of false pretense; but the serious question is, did he do it with intent to defraud Combs? His only purpose in deceiving was to induce Combs to pay a debt, greater in amount than the price of the cow. Combs could not have disputed the debt, because it had been reduced to judgment; he, in fact, admits it to be just. Can it be said that one is defrauded when he is simply deceived into paying a just debt, already due, against his will? This question arose in *State* v. *Hurst,* 11 W. Va. 54, and it was there held not to be a crime. In a very carefully prepared opinion by that eminent jurist, Judge GREEN, in which the other judges concurred, in concluding the discussion of the phrase used in the statute, "with intent to defraud," at page 73, he says: "I think, therefore, that within the true meaning of this statute a man cannot be held guilty of procuring money by false pretense, with intent to defraud, who has merely collected a debt justly due him, though in making the collection he has used false pretense." In 2 Bishop's New Crim. Law, sec. 466, the author says: "One who by a false pretense procures another to pay him money already due does not commit this statutory crime, because no injury is done." The principles stated in the text are supported by the following decisions: *Rex* v. *Williams,* 7 Car. & P. 354 (32 Eng. C. L. R. 540); *People* v. *Thomas,* 3 Hill (N. Y.) 169; *Commonwealth* v. *McDuffy,* 126 Mass. 467; *Commonwealth* v. *Jafferies,* 7 Allen (Mass.) 548; *People* v. *Getchell,* 6 Mich. 496. In *Commonwealth* v. *Henry,* 22 Pa. St. 253, the opinion, at page 256, refers approvingly to the case of *Commonwealth* v. *Thompson,* reported in 3 Pa. Law Journal, which we do not find in the library, in which it was held that a party who fraudulently · represented that he had a warrant of arrest for a party, and thereby procured the payment of an honest debt, was not guilty of violating the statute. The court said: "A false representation by which a man may be cheated into performance of a duty is not within the statue."

While we do not wish to be understood as approving defendant's method of collection, or of justifying his conduct, from a moral point of view, still, viewing his case from a purely legal

standpoint, he has not committed a crime for which the law would punish him.  There are many things which the moral sense of every good citizen would readily suggest to him are inconsistent with a good code of ethics, yet which are not made penal by our code of laws.  Although Combs was deceived into parting with possession of his cow against his will, the deceit was not with fraudulent intent.  The court erred in refusing to set aside the verdict, and the judgment of the lower court will be reversed, the virdict set and the case remanded for a new trial.                *Reversed and Remanded.*