# CHARLESTON.

## STATE *v.* RAILROAD CO.

Submitted September 15, 1910.    Decided November 22, 1910.

1.   RAILROADS—*Obstructing Highways—Sufficiency of Indictment.*
       An indictment against a railroad company for obstructing a public road by suffering one of its trains to remain standing across the road for a longer time than is allowed by law, is not demurrable because it fails to designate the particular train,

or the time when the wrong was committed; it is sufficient if it alleges that it was done within one year next preceding the finding of the indictment.

2. INDICTMENT AND INFORMATION—*Criminal Law—Right to Bill of Particulars.*

Under such indictment the court should require a bill of particulars, if motion therefor is made before pleading to issue, supported by affidavit showing that defendant, during the year, ran many trains over its railroad each way, some passenger trains and some freight trains, each train being in charge of a different crew, and that it is not advised concerning the particular train that caused the obstruction.

3. SAME.

To refuse a bill of particulars in such case is prejudicial, and may be cause for reversal.

4. RAILROADS—*Obstruction of Highway—Prosecution—Sufficiency of Evidence.*

Proof of one obstruction only, under such indictment, without other evidence to show that defendant either authorized or approved it, will not sustain the indictment; the defendant's acquiescence in, or ratification of the unlawful act will not be inferred from the one act alone.

Error to Circuit Court, Barbour County.

The Baltimore & Ohio Railroad Company was convicted of obstructing a public road, and brings error.

*Reversed and Remanded.*

*Blue & Dayton,* for plaintiff in error.

*William G. Conley,* Attorney General, for the State.

WILLIAMS, JUDGE:

The defendant was convicted in the circuit court of Barbour county for obstructing a public road by suffering one of its trains of cars to remain standing across it for a longer time than five minutes; and has brought the case to this Court on writ of error.

The first error alleged is the overruling of defendant's motion to quash the indictment. The court committed no error in respect to this motion, because the indictment contains all the essential elements of the offence charged. True it does not allege the day, or the month, when the offence was committed,

68 W. Va.

but it does allege that it was committed within one year next preceding the finding of the indictment; this is sufficient.

Before pleading to the issue, defendant moved the court to require the state to furnish it a bill of particulars, and in support of its motion tendered the affidavit of U. B. Williams, superintendent of the Monongah Division of defendant's railroad. The motion was overruled, and an exception was taken making the affidavit a part of the record. Affiant says that defendant operates a number of trains daily over its road through the Town of Philippi, where the obstruction is alleged to have occurred; that it runs two passenger trains each way daily, and a number of freight trains; that each train is in charge of a separate train crew, and that it is impossible for it to make defense, unless it is informed more definitely than it is by the general terms of the indictment, concerning which one of its numerous train crews caused the obstruction.

If the charges in an indictment are too general in their nature to advise a defendant of the particular act with which he is charged, and he is, consequently, unable to properly prepare his defense, the court may require the attorney for the state to furnish him a bill of particulars. 22 Cyc. 371; 1 Bish's. Crim. Proc., section 643. But the courts of the country are divided on the question whether, or not, the refusal to require a bill of particulars when properly asked for, is a matter which can be reviewed by an appellate court. The courts of a number of the states, as well as the Supreme Court of the United States, hold that it is within the discretion of the trial court, and is not subject to review. *Commonwealth* v. *Giles,* 1 Gray 466; *Commonwealth* v. *Wood,* 4 Gray 11; *Sullivan* v. *People,* 108 Ill. App. 328; *People* v. *Remus,* 135 Mich. 629; *Dunlop* v. *United States,* 165 U. S. 486. Some other states hold that a request for a bill of particulars, notwithstanding it is a matter within the sound discretion of the trial court, is, nevertheless, a matter subject to review, and when the discretion has been abused by improperly refusing a bill of particulars, it is ground for reversal. *Railway Co.* v. *Smith,* 66 Ark. 278; *Railroad Co.* v. *State,* 74 Ark. 159; *State* v. *Lingrove,* 1 Kan. 51; *Mathias* v. *State,* 45 Fla. 46. In the last case above cited, Judge Shackelford discusses the subject at considerable length, citing many authorities on the question, and concludes with his own observa-

tion, as follows, viz: "Such an application or motion, however, is not founded upon a legal right, but is a matter resting within the sound judicial discretion of the court, depending entirely upon the nature and circumstances of each particular case as they appear to the court before whom the trial is had, and the refusal of the trial judge to grant said motion will not be disturbed or reversed by an appellate court, unless there was an abuse of such discretion." See also *Talheim* v. *State,* 38 Fla. 169.

Judge BRANNON gives it as his opinion in the case of *Clark* v. *Railroad Co.,* 39 W. Va. 742, that the refusal of the court to order a bill of particulars, when asked to do so in a 'proper case, is subject to review.

In view of the facts appearing in the affidavit, that defendant ran a number of trains over its railroad, and across the county road, or street, each day, each train of cars being manned by a separate crew, and in view of the fact that ∙defendant is not informed by the indictment which one of its numerous trains caused the obstruction, we are of the opinion that it was error not to grant its motion for a bill of particulars. Defendant should have been advised, at least, of the character of the train which caused the obstruction, whether freight or passenger, and of something near the time of day when it occurred, so that it might, by the aid of its own schedules, have ascertained which one of its crews was in charge of the train, and have thereby been enabled to prepare its defense; otherwise it would seem to be necessary for the defendant to summon all its numerous train crews which had been in charge of any of its trains operated over that particular branch of its road any time during the year within which the offence is alleged to have been committed. This would occasion not only a great hardship to defendant, but might result in stopping defendant's trains during the trial of the case, and thereby occasion a great public inconvenience. True, the state's witness may not have known the name of the conductor who was in charge of the train, and may not even have known the number of the train that blocked the crossing; but it is certainly reasonable to suppose that he knew whether it was a passenger or a freight train, and which way it was headed at the time he saw it on the crossing, and also about the time of day it happened. These facts, we think,

defendant was reasonably entitled to know, to enable it to pre-
pare its defense. It may have had some lawful excuse for
suffering its train- to block the public road for more than five
minutes on the occasion in question; but it was necessary for
it to have more definite information than the indictment con-
tained before it could even ascertain whether or not it had any
defense.

The third error assigned is the refusal of the court to set
aside the verdict and grant defendant a new trial. Counsel for
defendant insist that the indictment is not sustained by proving
only a single obstruction of the public road, when it appears that
the act was committed by one of defendant's agents, and there
is no proof that the defendant either authorized, or approved,
the act. Whatever may be the law in other jurisdictions, the
doctrine has been announced by this Court, and followed in at
least three cases before this, to the effect that, in order to
sustain an indictment against a corporation for the criminal
act of its servant, it must appear that it either authorized or
approved the unlawful act; and that such authority, or acqui-
escence, can not be inferred from one 'wrongful act only of the
servant. *State* v. *Railroad Co.,* 15 W. Va. 362; *Hall* v. *Rail-
road Co.,* 44 W. Va. 36; *State* v. *Railroad Co.,* 65 W. Va. 603.
In view of these decisions it can not be inferred from the block-
ing of the road on the one occasion in question, that defendant
authorized the act, or that it ratified it.

The judgment will be reversed, the verdict set aside, and the
case remanded for a new trial.

*Reversed and Remanded.*