# WHEELING.

## STATE *v.* LEWIS.

Submitted June 9, 1911.    Decided June 16, 1911.

1. INDICTMENT AND INFORMATION—*Bills of Particulars.*
   The law of bills of particulars applies to criminal and civil cases. (p. 473).

2. SAME—*Bills of Particulars—Larceny.*
   Under an indictment for simple larceny a bill of particulars specifying the character of larceny to be proven may be demanded by the defendant. (p. 474).

3. CRIMINAL LAW—*Trial—Taking of Papers to Jury Room.*
   A letter given in evidence to a jury may be taken by the jury to its room on its retirement to consider the case, if the jury so request. (p. 475).

4. SAME—*Instructions—Circumstantial Evidence.*
   When the inculpatory evidence against an accused is circumstantial, it is error to refuse him an instruction which correctly states the force of such evidence required for conviction and the principles by which it is to be weighed and considered. (pp. 475, 476).

Error to Circuit Court, Harrison County.

Charles A. Lewis was convicted of larceny, and brings error.

*Reversed and Remanded.*

*H. C. Batten, Thomas Ramage* and *George M. Hoffheimer,* for plaintiff in error.

*William G. Conley,* Attorney General, and *J. O. Henson,* Assistant Attorney General, for the State.

BRANNON, JUDGE:

Charles Lewis was sentenced to the penitentiary upon an indictment charging simple larceny of 3,500 pounds of wool. The evidence tended to show, not simple larceny by him, but the taking and carrying away of the wool by another, and receiving and concealing it by Lewis with knowledge that it had been stolen. At request of Lewis the court made an order requiring the State to furnish the accused a bill of particulars more specifically setting forth the real accusation "in order that the defendant might be apprised of that which he is expected to defend." · The State refused to do this, claiming that such particulars could not be more definite than the indictment, and, as the bill of exceptions states, "the defendant was forced to go into trial without said bill of particulars after it had ordered the said bill of particulars to be filed with the accused." We hold this to be error of substantial character. In *Clark* v. *Railroad,* 39 W. Va. 732, we held that our Code, ch. 130, section 46, required such bill in civil actions for tort or on contract, if the declaration is of so general a nature as not to apprise the party of the cause of action—where justice and fair trial, free of surprise, call for it. We said that refusal of it was not arbitrary discretion, but a basis of error. In the case we said that the principle had often been applied in criminal cases. Not in every case can it be demanded. We said that only in cases where the law allows general statements in a declaration can specification be demanded. The right cannot in every case be used. It can only be exercised where the law allows a general statement in the pleading, but justice demands further information of the demand or accusation. It is a matter of sound, but not arbitrary discretion. This Court applies these principles in the late case of *State* v. *Railroad,* 68 W. Va. 193, 69 S. E. 703, to criminal cases, upon an indictment against a railroad company for obstructing a road by a train, the Court holding it reversible error to refuse such bill of particulars to specify which of many trains caused the obstruction. If told that Code, ch. 130, section 46, in words applies only to an "action or motion", I would answer that if that section, a remedial one, does not apply, it is a power inherent in a court to regulate trial, and that the constitution demands that "the accused be

69 W. Va.

fully and plainly informed of the character and cause of the accusation," and thus authorizes such discretion in the court, Anyhow, there is much law applying this procedure to criminal cases. 22 Cyc. 371; *Kirby* v. *U. S.*, 174 U. S. 47. Such being the right of an accused, I can at this moment think of no case calling more plainly for its application. Why? Because by our well settled law on a trial of an indictment alleging simple larceny conviction may be had, not only for simple larceny, but for receiving or concealing stolen goods, obtaining under false pretense or embezzlement. *Stale* v. *Halida*, 28 W. Va. 499; *State* v. *Edwards*, 51 *Id.* 220; *Pilsnozle's Case*, 91 Va. 811. This is because statute law declares these offenses larceny. I always doubted the soundness of this rule, but it is fixed. The relief against it is the right to a specification. The indictment says that the defendant himself stole the things. On trial comes evidence that another man stole, and defendant received. Is not this legal surprise? The court made an order for a bill of particulars, thus deciding that one was called for. Why recant or ignore this order? What reason? None, except the mere statement of the bill of exceptions that "the attorneys for the State wholly neglected and refused to make up and give to defendant the said bill of particulars, claiming that they could not be more definite in said bill than in the indictment." Here the court assigns neglect. We do not say that it was practicable to be more definite as to the wool; but do say that the state could have easily specified whether it was intended to prove that the defendant had himself stolen the wool from its place of deposit, or that he had feloniously received and secreted it. We think the bill should have been required, and that it was error to ignore it. But though the refusal of the bill of particulars was error at the time of the refusal, yet we must determine whether we will reverse for that cause. Did Lewis suffer from it? Where it appears that a party is not aggrieved, error is harmless. Such a bill of particulars can not be demanded where unnecessary or where the party already knows the facts. 3 Ency. Pl. & Prac. 527, 529. The record of the trial from the evidence from Lewis himself shows that he shipped boxes containing the wool to Baltimore and then went there, and saw the wool and sold it. He thus had information as to receiving, that being the offense presented by the evidence of the state:

We do not say that this would tell him that evidence on the trial would be confined to the act of receiving the wool, and no evidence of its theft by him would be given. But again he gave evidence by himself and others to repel the charge of receiving, and it is not made to appear that he would have given more evidence had he been furnished with a bill of particulars. We think that in order to effect reversal for this cause it ought somehow to appear that Lewis could have furnished other additional evidence to repel that charge. He should have asked the court for continuance or have filed an affidavit that he could have furnished further evidence had he been warned of the particular charge to be proven against him. Before another trial such bill of particulars should be furnished Lewis.

For future use on the subject of bills of particulars in negligence cases and generally I cite 1 Wharton Cr. Law, section 1048, and full and valuable note in 3 A. & E. Anno. Cases, 161.

A letter was given in evidence. The jury after retirement called for it and it was sent to its room. This is no error. The Code in ch. 131, section 1, says the court may allow *"papers"* to be carried from the bar. We discuss this matter in *State* v. *Stover*, 64 W. Va. 670.

Why give a paper in evidence at bar, and then withhold it from the jury? 10 Ency. Pl. & Prac. 592.

It is suggested, with some hesitation, by counsel, that though a conviction for receiving stolen goods may be under an indictment for larceny yet the *verdict* must state that the defendant was guilty of receiving. It is admitted by counsel that a search has revealed but one case to sustain this position. We cannot so hold. As our law allows conviction on an indictment for simple larceny the verdict may be guilty as charged in the indictment, without specifying the particular kind of larceny.

Two railroad shipping orders were given in evidence to show that Lewis had shipped the wool. It is claimed they were not properly proven. This point is not sustained, as Lewis' own evidence proves that he signed them.

The following instruction was refused defendants: "10. The court instructs the jury that in order to warrant a conviction for a crime on evidence in whole or in part circumstantial, it is absolutely essential that all the circumstances from which a conclusion is to be drawn, and without which it could not be

drawn, shall be established by full proof, and every circumstance essential to the conclusion must be proven in the same manner, and to the same extent, if the whole issue, that is the guilt or innocence of the defendant, had rested upon the proof of each individual and essential circumstance, and should to a moral certainty exclude every reasonable hypothesis consistent with the innocence of the accused." We think that this instruction should have been given. It was pertinent to the case as one involving circumstantial evidence of guilt. It states a principle or rule guiding in the consideration of such evidence. It tells how its main facts must be proven, and how they must relate to each other, and harmonize to produce conviction. It may be said to be theoretical or to deal with the abstract philosophy of circumstantial evidence, and not readily understandable to an average jury; still, these abstract rules are found in the books on evidence when they tell us what principles apply to circumstantial evidence. They are of common and general use in courts. They are lights guiding the feet in the use of such evidence, as we stated in *State* v. *Musgrave*, 43 W.. Va. on pages 693-4-5-6. We do not see that it is inconsistent with the majority opinion in that case. We think the instruction is sound, under legal principles as to circumstantial evidence. Of what use is the exposition of rules as to treatment of such evidence found in so many books of evidence and court opinions through centuries, if they may not, or must not, be stated to juries? Are they only for judges and lawyers, and to be withheld from juries, the sole triers of the facts under the evidence? *State* v. *Flanagan*, 26 W. Va. 116; 12 Cyc, 487-8. It has been suggested that though this instruction is sound, as all members of the court think, yet another instruction cures its refusal, No. 6, given. It says that to convict the State must prove beyond reasonable doubt that the wool had been stolen by a person other than the defendant; that the defendant received it knowing it to have been stolen; that he received it or aided in concealing it with dishonest intent; that it was the same wool alleged to have been stolen from R. T. Lowndes. On first thought one might think that this instruction covered the ground and answered the purpose of No. 10; but on consideration we can hardly think so. This No. 6 only tells the jury what ultimate facts must be found in order to convict; it deals

with quantity, weight or effect of evidence; whereas, No. 10 lays down the principles applying in the use of circumstantial evidence; it tells how it is to be handled or treated in its consideration. We say that No. 10 is sound, and the party has a right to his instruction in his own words, if sound, and that its refusal cannot be excused by another instruction, unless the latter clearly covers the same end.

"When the inculpatory evidence is circumstantial it is error to refuse a requested instruction which correctly expounds the cogency requisite in that character of proof." *Dreyer* v. *State,* 11 Texas Court of Appeals 631.

We reverse the judgment, without expression on the evidence, set aside the verdict, and award a new trial, and remand the case to the criminal court of Harrison county.

*Reversed and Remanded.*

WILLIAMS, PRESIDENT *(dissenting):*

I think our former decision of this case was erroneous and I am, therefore, in favor of granting a rehearing. I have at no time been of the opinion that the refusal to give defendant's instruction No. 10 constituted sufficient ground for reversal, and I am now convinced that this is not such a case as entitles defendant to demand a bill of particulars, for two reasons. (1) To say that he has such right is a contradiction of the well settled rule that, when an indictment contains more than one count, the state cannot be compelled to elect on which count it will proceed to trial. Evidence under any one, or all, the counts may be given. *Dowdy* v. *Commonwealth,* 9 Grat. 727; *State* v. *Halida,* 28 W. Va. 499.

(2) The indictment informs defendant as fully as he could have been informed by a bill of particulars, and a bill of particulars is therefore useless. At common law there was but one kind of larceny, but our legislature has created, out of kindred offenses, three additional kinds of larceny, viz.: (a) receiving stolen goods knowing them to be stolen; (b) obtaining money or goods by false pretense with intent to defraud; and, (c) embezzlement. Any one of these may be proven under a single count for common law larceny. *State* v. *Williams,* 68 W. Va. 86, and cases cited in the opinion. Defendant knew this, be-

cause everyone is presumed to know the law. Was he not, therefore, as much advised by the indictment itself, although it contained but a single count for common law larceny, as he could have been by an indictment drawn with four separate counts, each setting forth distinctly a separate kind of larceny? Of course he was, because the one count, in effect, includes all the crimes above enumerated. It is, therefore, clear that defendant was as fully advised of the particular offense with which he was charged by the indictment with one count as he would have been by an indictment with four counts. It was conceded by all the judges during the discussion of this case that, if the indictment had contained a separate count for each kind of larceny, defendant would have had no right to demand a bill of particulars, and I have shown that the legal effect of the indictment is the same as if it had contained separate counts for all the kinds of larceny. Now, if the state should be compelled to furnish a bill of particulars, it would unquestionably have the right to set forth all the matters provable under the indictment, the practical effect of which would be, so far as it relates to informing defendant, an indictment for larceny with four counts. To say that the state could not furnish such a bill of particulars, is to say it may be compelled to elect. The question is then resolved to this, that a bill of particulars in a larceny case is equivalent to an indictment for larceny containing all the counts. But an indictment containing one count, the count for common law larceny, is equivalent to an indictment with all the counts for larceny. Then, pray, is not an indictment with the common law count for larceny equal to a bill of particulars? Things that are equal to the same thing must be equal to each other. This principle is as applicable here as in mathematics.

Suppose the court had required the state to furnish a bill of particulars, it could have complied by stating that it expected to prove: (1) that defendant stole the wool; (2) that he received it from another, knowing it to be stolen; and, (3) that he obtained it by false pretenses, with intent to defraud. Such a bill of particulars would give defendant no more specific information of the particular offense of which the state expected to prove him guilty than he received from the indictment itself. I am, therefore, unable to see any good reason for the

view entertained by the majority of my associates. I think their holding, if adhered to, will place an unnecessary burden upon criminal procedure. The indictment informed defendant of the kind, quantity and value of the thing stolen, and who was its owner, and the place where the offense was committed. He had no right to demand of the state any further information in advance of his trial. He had no right to be told *how,* in what manner, the crime would be proven. He must come to trial prepared to meet any, and all, lawful evidence as to the *manner* in which the larceny charged was committed. He cannot demand of the state a revelation of its evidence, before going to trial. This case is widely different from any criminal case in which the courts have held that a defendant has a right to a bill of particulars. It is wholly unlike the case of *State* v. *B. & O. R. R. Co.,* 68 W. Va. 144.

I would not reverse for the refusal to give defendant's instruction No. 10, because the jury were fully instructed in regard to the matter of circumstantial evidence by defendant's No. 6, and the State's No. 4, which were given and which are as follows, viz: State's No. 4: "The jury is instructed that circumstantial evidence is that class of evidence which tends to prove a disputed fact by proof of other facts which have a legitimate tendency, from the laws of nature, the usual connection of things and the ordinary transactions of business, to lead the mind to a conclusion that the fact exists which is sought to be established."

Defendant's No. 6: "The court instructs the jury that before you can find the defendant, Charles A. Lewis, guilty in this case, it is incumbent upon the State to prove beyond all reasonable doubt and to your entire satisfaction:

First—That the offense charged in the indictment occurred in Harrison County, West Virginia;

Second—That the wool mentioned in the evidence in this case had been previously stolen by some person other than the defendant;

Third—That the accused, Charles A. Lewis, received the said wool from another person;

Fourth—That at the time he received the wool, he knew it had been stolen;

Fifth—That he so received the said wool or aided in the concealment thereof, with a dishonest intent;

Sixth—That the wool he so received was the *identical* wool, or some part thereof, which is alleged in the indictment to have been stolen from R. T. Lowndes, and this being an essential question involved in this case must be proven beyond all reasonable doubt."

This instruction calls the jury's attention to the six particular circumstances necessary to be established, and tells them that they must believe all of them to have been proven beyond a reasonable doubt, before they can convict. All necessarily includes every one, and the instruction means nothing less than that the jury must believe beyond reasonable doubt that each one of the six circumstances is established. It is more helpful to defendant's case than his No. 10, and covers the same ground. In view of the instructions which the court gave, I can clearly see that defendant could not have been prejudiced by the refusal to give his No. 10.

I am opposed to reversing the judgments of trial courts upon purely technical matters when it plainly appears from the record that the party complaining was not prejudiced. I do not think it is wise to trammel our judicial procedure with technicalities which furnish no aid in arriving at just results. The tendency of modern times, as appears both by legislative enactment and by judicial decision, is to get away from the useless technicalities which so often encumbered the common law. It is our duty to look to the whole case, and so viewing it, I am clearly of the opinion that defendant has no just cause of complaint on account of any ruling made by the trial court. Respecting the weight to be given to the testimony of the witnesses, the jury are the judges. It is not my province to say whether their verdict was righteous or unrighteous, when there is lawful evidence on which they can found it. I would affirm the judgment.