# CHARLESTON.

GAWTHROP *v.* FAIRMONT COAL CO.

Submitted March 4, 1914. Decided April 7, 1914.

1. LIMITATION OF ACTION—*Action for Penalty—Limitations.*
   One year is the period of limitation as to an action for the penalty imposed by Code 1913, ch. 79, sec. 7, for mining within five feet of a division line. (p. 39).

2. MINES AND MINERALS—*Operation of Coal Mine—Liability for Servant's Acts.*
   A corporation operating a coal mine is liable under the statute for the act of its servants in mining within five feet of a division line, without other proof of authority or approval from the corporation for the act than that the same was done by its servants. (p. 42).

   (LYNCH, JUDGE, absent.)

Error to Circuit Court, Harrison County.

Action by John A. Gawthrop against the Fairmont Coal Company. Judgment for plaintiff, and defendant brings error.

*Reversed.*

*G. M. Alexander* and *J. Bassel,* for plaintiff in error.

*Harvey W. Harmer* and *Millard F. Snider,* for defendant in error.

ROBINSON, JUDGE:

This is another step in the case reported in 68 W. Va. 650. The action is one for the recovery of the statutory penalty of five hundred dollars, which accrues in favor of the owner of land containing coal as against an adjoining owner who mines the coal vein within five feet of the division line. Code 1913, ch. 79, sec. 7.

When the case went back for trial, defendant tendered a plea that the cause of action did not accrue within one year prior to the institution of the suit. That plea was rejected. At the trial, plaintiff was permitted to show a violation of the statute within five years before the institution of the suit. So we have this question: What is the period of bar of actions under this statute?

We have no period particularly fixed for the bar of statutory penalties, as many jurisdictions have. The question must be answered by our general provisions of limitations. Resort must be had to the following: "Every personal action for which no limitation is otherwise prescribed, shall be brought within five years next after the right to bring the same shall have accrued, if it be for a matter of such nature, that, in case a party die, it can be brought by or against his representative; and if it be for a matter not of such nature, shall be brought within one year next after the right to bring the same shall have accrued, and not after." Code 1913, ch. 104, sec. 12. Now, "in the absence of express statutory provisions, actions for the recovery of statutory penalties do not survive. The death of either party, plaintiff or defendant, is an incurable abatement." 1 Cyc. 67. "A cause of action for the recovery of a penalty does not survive the death of the wrongdoer, being in its nature personal. As to what is a penal action the rule is that where an action is founded entirely upon a statute, and the only object of it is to recover a penalty or forfeiture, it is clearly a penal action." 1 R. C. L. 47. At common law actions on penal statutes do not survive. Comyn's Digest, title Administration, B. 15; *Schrieber* v. *Sharpless,* 110 U. S. 76. It has not been made otherwise with us. So, by the statute which we have quoted above, the matter of this penalty being of such a nature that an action on it does not survive, one year is the limitation for an action thereon. The plea was improperly rejected.

No definite consideration seems to have been given the point in *Hall* v. *Railroad Co.,* 44 W. Va. 36, wherein it is asserted that five years is the limitation for an action on the penalty there involved, and the remark is a mistaken one.

That an action for the recovery of this statutory penalty for mining within five feet of the division line does not survive,

was virtually determined by us in *Wilson* v. *Shrader,* 79 S. E. 1083; for it is there held that such penalty is not assignable. If an action for the penalty survived, the accrued penalty would be assignable. Generally, assignability and survivability are tests of each other and the terms are convertible.

It is true that tort actions for wrongs to property do survive. But the action for this penalty is not such. The penalty is not imposed or given as redress for mere private wrong to property, but in furtherance of a broad public policy within the police powers of the State. It may be incurred by one's own act on his own land without his touching the land of the adjoining owner to whom it accrues. Action for the penalty is not meant for the vindication of private right in property. Nor does it preclude separate action for that. The penalty does not accrue to one out of his property, but out of the vindication of the public weal. It is not given as damages in relation to the former, but as punishment in relation to the latter. Recovery is given to the party whose line has been approached within five feet by mining, not as related to his property, but for the purpose of better securing an enforcement of the public policy of the statute. Purely penal is this statute. It is in no sense indemnifying. "Where a liability is imposed by statute upon a person purely for a violation of its provisions, the statute is penal." 1 R. C. L. 48.

Because the plea was rejected, the judgment in favor of plaintiff must be reversed and a new trial awarded. But plaintiff may be able to prove a violation of the statute within a year before the institution of the suit. So it seems that we must proceed to settle another matter much mooted in the briefs and likely to arise on another trial of the case.

Defendant insists that since it is a corporation it can not be held liable for the acts of its servants in mining within five feet of the line, unless it authorized or approved such violation of the statute. An instruction to this affect was given to the jury at the instance of defendant. While the instruction is technically true, yet it had no proper place in the case and should not have been given. It was likely to mislead. For, as matter of law under the evidence in the case it appeared that the acts of defendant's servants who actually did the unlawful mining were the acts of the defendant corporation.

The mere fact that the corporation had a general unenforced policy against violating the statute, does not absolve it. The statute enjoins on it the enforcement of such policy if it would avoid the penalty. The case is to be distinguished from those cases holding that certain single, isolated acts of employees of a railroad company do not of themselves prove the company liable and subject it to a penalty or to conviction under an indictment. *Hall* v. *Railroad Co.*, 44 W. Va. 36; *State* v. *Railroad Co.*, 15 W. Va. 362; *State* v. *Railroad Co.*, 65 W. Va. 603; *State* v. *Railroad Co.*, 68 W. Va. 193. In each of these cases the act of the servant was of such character and under such circumstances that it alone did not necessarily prove that it was done by the authority of the company. The collecting of a single overcharge by a railway conductor, or the single stopping of a train on a crossing by a crew, far out on the road in the absence of their superiors, is quite different from the driving of a heading in a mine officered and manned by an organization there present which is a part of the very life and activity of the corporation operating the plant. The latter act, from its very character and circumstances, speaks out that it is authorized by the corporation. That act is one of those instanced by Judge GREEN in *State* v. *Railroad Co.*, 15 W. Va. 362, which obviously from its nature must have been approved by the corporation, and as to which no proof of the approval of the corporation is necessary other than that the act was done by the servants of the corporation.

Those in charge of a mine for a corporation must see that the statute against mining within five feet of a division line is observed, otherwise the corporation itself is liable for the penalty. The neglect, mistake, or disobedience of its servants in this particular will not excuse it. In this day of accurate civil engineering and efficient organization there can be no neglect, mistake, or disobedience of the company's servants in violating the statute but that for which the company itself is reasonably chargeable. A failure on the part of the corporation to see that its servants obey the statute, is its own non-observance of the statute. A coal company can not say, as defendant sought to do in this case, that it notified its mine management to observe the property line and therefore is not responsible for the violation of the statute. If this were so;

there could be no enforcement of the statute under its terms. The act of the management and servants at the mine in such a particular is the act of the corporation without other proof of authority or approval.

*Reversed.*