# CHARLESTON.

W. W. KNIGHT *et al v.* CHESAPEAKE COAL COMPANY

(No. 5080)

Submitted May 13, 1925. Decided May 26, 1925.

1  LIMITATION OF ACTIONS—*Proof Required of One Defending Action for Mining Within Five Feet of Division Line on Ground of Statute of Limitations Stated.*

In an action to recover the penalty imposed by Sec. 7, Chap. 79, Code 1923, for mining within five feet of a division line, under a plea of the statute of limitations the burden rests upon the defendant to establish by a preponderance of the evidence: (1) that the encroachment was made more than a year before the institution of the suit; and (2) that the plaintiff knew of the encroachment, or that discovery

thereof could have been made by the use of reasonable diligence, more than one year prior to the bringing of the action.    (p. 255).

(Limitations of Actions, 37 C. J. §§ 350, 769).

2.  Appeal and Error—*Verdict for Mining Within Five Feet of Division Line, Founded on Conflicting Evidence, Will Not Be Set Aside on Appeal.*

And where the evidence on the point just set out is so conflicting that this court would not be justified in saying that the verdict is so plainly against the decided weight and preponderance of the conflicting evidence as to make the rendition of the verdict palpably unjust, the verdict will not be set aside as being contrary to the law and evidence. (p· 258)·

(Appeal and Error, C. J. § 2836).

3.  Trial—*Refusal of Instruction, Substance of. Which has Been Covered By Other Instructions, Not Error.*

It is not error to refuse to give an instruction the substance of which has been covered by other instructions given by the court.    (p. 258).

(Trial, 38 Cyc. p. 1711).

(Note:  Parenthetical references by Editors, C. J.—Cyc.  Not part of syllabi).

Error to Circuit Court, Marion County.

Action by W. W. Knight and another against the Chesapeake Coal Company.  Judgment for plaintiffs, and defendant brings error.

*Affirmed.*

*Frank C. Haymond, William S. Haymond,* and *David A. Ritchie,* for plaintiff in error.

*L. C. Musgrave* for defendants in error.

Lively, President:

This is an action of debt instituted by W. W. Knight and J. R. Knight, plaintiffs, against the Chesapeake Coal Company, a corporation, defendant, to recover $2,000 damages for four encroachments upon their coal lands, in violation of sec. 7, chap. 79, Code 1923, which prohibits the owner or tenant of any land containing coal from excavating or working in any coal mine or shaft on such land, within five feet of the line dividing said land from that of another, without the written consent of every person interested in or having title

to such adjoining lands; and which provides further that any person injured by such an encroachment shall have the right to sue and recover a penalty of $500.

At the November term 1922 of the Circuit Court of Marion County, the case was tried upon an amended declaration charging four separate violations of the statute. Issue was joined on the defendant's pleas of the general issue and statute of limitations, and on January 12, 1923, the jury returned a verdict for the plaintiff in the sum of $2,000. Judgment was entered on this verdict on April 30, 1923. This writ of error followed.

The assignments of error relied upon are: (1) that the verdict is contrary to the the law and evidence; and (2) that the court erred in refusing to give defendant's instruction No. 10, bearing on the question of the statute of limitations.

Defendant contends that the verdict of the jury is contrary to the law and evidence because the clear preponderance of the evidence, and in fact the only positive evidence in the case, shows that all the encroachments complained of were made prior to, or in the month of September, 1918, at least 15 months before the institution of this suit on January 2, 1920; and also because the decided preponderance of the evidence shows that the plaintiff, J. R. Knight, actually knew of these encroachments, or their discovery was reasonably possible to him, for more than a year prior to the institution of this suit.

The exact dates of the four encroachments are somewhat in doubt, but granting the defendant's contention that the preponderance of the evidence clearly shows that the excavations were made prior to September 1918, which was about fifteen months before the institution of this action, that fact alone would not be sufficient to warrant the setting aside of the jury's verdict. The defendant has pleaded the statute of limitations, an affirmative defense, and in the case of subterranean encroachments like the ones in the instant case the burden rests upon it to show by the preponderance of the evidence not only that the encroachments were made more than a year prior to the institution of this suit but also that the plaintiffs had notice of the encroachments, or that dis-

covery thereof could have been made by the use of reasonable diligence, more than one year prior to the institution of this action. *Buck* v. *Newberry*, 55 W. Va. 681; *Gawthrop* v. *Coal Co.*, 74 W. Va. 39; and *Petrelli* v. *Coal Co.*, 86 W. Va. 607.

J. R. Knight, one of the plaintiffs, testified that he had received information in May 1919 that the Chesapeake Coal Company was mining up to within five feet of his line; that shortly thereafter, in June, 1919, he had the land surveyed by a Mr. Meredith, and that was the first actual information that he had that the Chesapeake Coal Company had been trespassing on his property or mining coal within five feet of his line; that he looked at the surveyor's map and saw that there were three encroachments. (A later survey showed four encroachments). It appears from the evidence that this witness had lived in the vicinity of defendant's mine and had worked therein as a miner during parts of the years 1917, 1918 and 1919, but there is nothing to indicate that he learned, or by the use of reasonable diligence could have learned, of the excavations while so employed. The other plaintiff, W. W. Knight, was not a witness. There is some evidence to the effect that Omar Knight, a son of J. R. Knight, had worked in a part of the section where the encroachments were made, but it does not appear that he knew of the trespasses, or if so, that he had communicated such knowledge to either of the plaintiffs. One of the plaintiffs' witnesses, L. H. Meredith, testified on cross-examination that while in the employ of the defendant as an engineer in 1918, he had ascertained in the fall of that year, that defendant had made an encroachment upon the plaintiffs' property, and that he had written a letter to Mr. Foster, an officer of the defendant Company, to the effect that this place had been driven over the plaintiffs' line. There is nothing to show that his knowledge of the existence of this inroad was ever conveyed to the plaintiffs. Defendant contends that at the time the witness Meredith discovered this encroachment, he was in the employ of the plaintiffs' and that the knowledge of the agent was the knowledge of the principal; but it clearly appears from the evidence that at that time (1918) Meredith was in the employ of the defendant company, and that it was while acting as its engineer that he made the discovery,

and that he was not employed by the plaintiffs to make a survey for them until June, 1919. David A. Ritchie, a witness for the defendant, testified that in September, 1918, while negotiating with the plaintiff J. R. Knight to obtain an option for the purchase of the plaintiffs' lands, that J. R. Knight told him in one or two conversations that he thought the Chesapeake Coal Company operations had encroached on his line, and that he was thinking of bringing some action. Mr. Knight admitted that he had entered into negotiations regarding the option referred to by Mr. Ritchie, but said that he didn't recollect ever mentioning anything about encroachments to the witness. As mentioned before, he says that he had some information in May, 1919, that perhaps encroachments had been made, and that by reason of the survey afterwards made at his instance by Meredith, he had actual information thereof in June, 1919.

In view of the conflicting evidence as to when information was received by the plaintiff, we do not believe that we are justified in setting aside the verdict as being contrary to the law and evidence, because we do not think that the defendant has sustained the burden of proving its affirmative defense of the statute of limitations to the extent of establishing by a clear preponderance of the evidence that the plaintiffs had knowledge of the subterranean encroachments complained of, or that by the use of reasonable diligence could have had knowledge thereof, more than a year prior to the institution of this suit. "To justify setting aside a verdict on the ground that it is plainly against the decided weight and preponderance of conflicting evidence, the weight and preponderance of evidence against the verdict must be decided in the sense of pronounced. The verdict must be palpably unjust. A doubtful case, a slight weight and preponderance of evidence against the verdict, is not a sufficient cause for setting it aside." *Coalmer.* v. *Barrett,* 61 W. Va. 237.

The second assignment of error relied upon is the refusal of the court to give defendant's instruction No. 10, which would have told the jury, in effect, that even though they believed from a preponderance of the evidence that the exca-

vations complained of herein were made by defendant without the consent in writing of the plaintiffs, yet the jury must find for the defendant if they believed from a preponderance of the evidence, that said excavations were made more than one year prior to Jan. 2, 1920, the date of the institution of this suit, and that the plaintiffs or either of them knew of said excavations or that knowledge or discovery of the existence of said excavations by either of the plaintiffs was reasonably possible more than one year prior to June 2, 1920, the date of the institution of this action. We fail to perceive that the court erred in refusing to give this instruction, because the substance thereof was fully covered by other instructions given by the court. ''Where the jury has been fully instructed upon a pertinent proposition of law, it is not error to refuse other instructions propounding the same legal principle.'' *Staker* v. *Reese,* 82 W. Va. 764. The ''without the consent thereto in writing of the plaintiffs'' part of the instruction was covered by defendant's instruction No. 4 given by the court, and that part of the instruction relating to the statute of limitations was covered by defendant's instruction No. 8 given by the court. This instruction told the jury that ''although the defense of the statute of limitations is an affirmative one, and the burden of maintaining same is upon the defendant, by a preponderance of evidence, yet, if the jury believe from the preponderance of evidence, however slight, that the excavations complained of in the second amended declaration of the plaintiff's herein, were committed by the defendant herein at any time during the period covered by the months of June, 1918 to November, 1918, they should find for the defendant, unless the jury further believe, from the evidence, that the plaintiffs, or either of them, did not know of such excavations, or that knowledge of the existence of such excavations was not reasonably possible upon the part of said plaintiffs or either of them, until after the 2nd day of January 1919, and within the period of one year prior to the institution of this action. And in determining whether or not the said plaintiffs, or either of them, knew of such excavations, or the discovery thereof upon their part was reasonably possible before the

2nd day of January 1919, the jury may properly consider the opportunities of the plaintiffs, or either of them, to learn of such excavations, together with all the other evidence and circumstances proven in this case.''

The judgment of the circuit court will be affirmed.

*Affirmed.*